Jackson, ex dem. J. C. Hallenbake and others, *vs.* McClaskey.

Demurrer to pleadings. This is an action of ejectment. The declaration contains four counts : 1. On the demise of John C. Hallenbake and Angelica his wife, and Andrew Hallenbake and Ann his wife ; 2. On the demise of J. C. Hallenbake and Ann his wife ; 3. On the demise of same per-

*A release by one of two lessors of the plaintiff is no bar to a recovery in an action of ejectment, such release affecting held otherwise*

only the quantum of interest. A release by a sole lessor is a bar here, though in England.

A plea purporting to be an answer to the whole declaration, but being in truth but an answer to part, is bad on demurrer.

sons as last for two equal undivided third parts of the premises, &c. ; 4. On the demise of A. Hallenbake and Angelica his wife for one equal undivided third part of the premises, &c. The ouster was laid on the 14th March, 1827. In August term, 1827, the defendant pleaded *non cul.* The cause was noticed for trial at the Albany circuit, in February, 1828, when the defendant put in a plea *puis darrein* that the plaintiff ought not further to maintain his action, because after the committing of the supposed trespass, &c. and after the last continuance, &c. to wit, on the 15th December, 1827, Andrew Hallenbake and Angelica Hallenbake, two of the lessors of the plaintiff, by their certain writing of release sealed with their seals, granted, &c. unto the defendant the lands, &c. in the declaration mentioned, to hold to him, his heirs and assigns forever, and this, &c. ; wherefore the defendant prayed judgment if the plaintiff ought further to have or maintain his aforesaid action thereof against him, the defendant. The plaintiff craved oyer of the instrument in the plea *puis darrein* mentioned. It is a release and conveyance whereby, after reciting that Christian La Grange, in and by his last will and testament, gave and bequeathed to Angelica, the wife of Andrew Hallenbake, $600, and appointed the defendant and two others executors of his will, and by the same will devised unto the defendant in fee his farm whereon he then resided, that La Grange died, and that the lessors of the plaintiff in this cause commenced their suit for the recovry of two third parts of the farm devised to the defendant, and that Andrew Hallenbake and Angelica his wife had agreed to discontinue the suit, the said Andrew Hallenbake and Angelica, in consideration of the payment of the said legacy by the defendant, granted, &c. to the defendant the said farm, to hold to him, his heirs and assigns forever. After setting forth the instrument, the plaintiff demurred, and the defendant joined in demurrer.

*A. Taber*, for plaintiff.

*L. H. Palmer*, for defendant.

*By the Court,* Savage, Ch. J.    Is a release from one of two lessors of the plaintiff in an action of ejectment a bar to the action ?    In England a release by a lessor of the plaintiff is no bar.    They there look to the plaintiff on the record. They consider the nominal plaintiff as the real party.    (4 *Maule & Sel.* 301.)    This court has long been in the practice of considering the parties as they really are : the lessors as the parties in interest, and the nominal plaintiff as an ideal and fictitious person ; and we endeavor to practice upon the maxim, that fiction shall do no prejudice.

The case of *Jackson* v. *Demont,* (9 *Johns. R.* 55,) is an authority to shew that a release after issue joined should be pleaded *puis darrein continuance,* and if well pleaded is a bar to the action.    In that case there were two lessors, Lathrop and Nichols.    The plaintiff shewed title in Lathrop, and rested.    The defendant shewed a conveyance from Lathrop to Miller, the defendant's landlord, dated after issue joined. The plaintiff produced a deed from Lathrop to Nichols, the other lessor, older than the deed to Miller, but it appeared that when this last deed was executed, the defendant was in possession holding adversely ; on that ground the court held the plaintiff could not recover on it.    It therefore became necessary to decide whether the plaintiff could recover upon Lathrop's title notwithstanding his deed to Miller.    The objection now raised, that such a release cannot be pleaded or given in evidence because the lessor is not a party to the record, was presented to the court ; but it was urged that it was void for maintenance.    The court held that even if it was an act of maintenance, (which they did not decide,) yet it was good between the parties, and that Lathrop could not recover against his deed, but that he was estopped by it ; that the only objection which could have been made at the trial was, that it was not pleaded.    In the action of ejectment, they say we must look steadily to the legal title.

*Jackson, ex dem. Bonnell and Goodyear,* v. *Wheeler,* (10 *Johns. R.* 164,) was much like the last case as to this point. Bonnell conveyed to Goodyear in 1807, and to the defendant in 1808 ; but the defendant held adversely at the date of the deed to Goodyear, and the court held that the plaintiff

could not recover for the same reasons as in the former case and refer to it. The defendant held adversely in 1807, and the plaintiff could not recover under the demise from Bonnell, for his deed subsequently given was enough to estop him. The same point was again reiterated in another case brought upon the demise of the same lessor. (*Jackson* v. *Foster*, 12 *Johns. R.* 490.) It is supposed that a contrary decision was made in *Jackson* v. *Bell*, (19 *Johns. R.* 168,) and so it would appear from the marginal note, but the case warrants no such inference ; that was a motion to be permitted to plead such a release executed before the last continuance. The motion was opposed on several grounds ; one of which was, that the lessor could not release the action. · The court said, we are not satisfied that the defendant has shewn a sufficient excuse for not pleading the release before ; but as we see no equity or justice in the plea, we deny the motion. · They place the decision upon the laches of the defendant and his want of merits ; not upon the technical ground that the lessor is not a party to the record. According to these decisions, a release from both lessors in this case would have been a good bar to the action. The plaintiff claims under both ; and his title, as stated on the record, is anterior to the release ; but we look at the real title. Since the commencement of the action, the plaintiff has lost half his title ; is that any reason why he shall not recover what he yet retains ? Such a release does not shew that the plaintiff has no right of recovery, but only that he cannot recover as much as he claims : it affects only the quantum of interest which the plaintiff has in the subject matter of the suit.

2. Another objection to this plea is, that although it purports to be an answer to the whole declaration, it is not so in reality. The defendant prays judgment of the whole action, where he has shewn no reason whatever why the plaintiff should not have the benefit of his lease from John C. Hallenbake and his wife. It is a well settled rule that a plea must contain an answer to the whole declaration, or all that it assumes to answer. (11 *Johns. R.* 573. 1 *Chitty*, 509.) Mr. Chitty says, " If a plea begin only as an answer to part, and is in truth but an

answer to part, the plaintiff cannot demur, but must take his judgment for the part unanswered, as by *nil dicit ;*" but Ch. J. Spencer, (20 *Johns. R.* 206,) has clearly shewn that both Mr. Chitty and Serjt. Williams, (1 *Saund.* 28, *n.* 3,) are in an error in this particular, and that such a plea must be demurred to. This plea, purporting to answer the whole declaration, but in fact being only an answer to one count out of four, is bad.*

The plaintiff is entitled to judgment on the demurrer, with leave to the defendant to amend on terms.

---

* This part of the opinion, pronounced by the chief justice, is in answer to an argument urged on the hearing of this cause, by the defendant's counsel, that unless the plea had been presented in the form of an answer to *the whole declaration*, the plaintiff would have been entitled to take judgment by *nil dicit.*