## BEASON v. RIDDLE.

1. A suit instituted before a justice of the peace and removed by appeal to the circuit or county court, is to be regarded as a case *at law*, and the unsuccessful party must be charged with all costs by the appellate court; unless the case shall come within the act of 1824, which provides that where the defendant appeals, and the plaintiff recovers less than the judgment of the justice, the appellate court may in its discretion give judgment against either party for the costs; or where a successful plaintiff appeals and recovers no more than was adjudged to him by the justice, he shall pay all costs.

2. Where the successful party is improperly charged with the costs, though he objected to such a judgment, the error is not a mere clerical misprision, amendable on motion in the court rendering the judgment, or in the supreme court at the costs of the plaintiff in error; but is a ground for the reversal of the judgment.

Writ of Error to the Circuit Court of Randolph.

THIS was a suit commenced before a justice of the peace, by the plaintiff in error against the defendant, and a judgment being there rendered against the plaintiff for costs, he removed the case by *certiorari* to the circuit court.   The amount in controversy being less than twenty dollars, the cause was submitted to the court upon the evidence adduced

by the parties; whereupon it was determined that the proof established the plaintiff's demand for two dollars and twenty cents, and a judgment was rendered in his favor for that sum. It was further considered that each party recover of the other one half the costs, and executions were ordered to issue accordingly.

S. F. RICE, for the plaintiff in error, insisted that the circuit court having ascertained the defendant's indebtedness, and rendered a verdict in the plaintiff's favor, and thus given him the redress which the justice denied, he was entitled to full costs. He cited Clay's Dig. 315, § 12-16; 316, § 20.

FAULKNER, for the defendant, contended that in the imposition of costs in a case of such a trivial character, the circuit court might impose costs upon the one party or the other in its discretion; and that the judgment in this respect was not subject to revision. He cited Clay's Dig. 314, § 10; 315, § 12; 350, § 26; 6 Ala. Rep. 476; 8 Id. 656; 9 Id. 615.

COLLIER, C. J.—The act of 1814 provides that in appeals from justices of the peace, where the amount in controversy does not exceed twenty dollars, the court shall try the same *de novo*, &c. [Clay's Dig. 314, § 10.] And the act of 1819 enacts that the court before whom such appeals are brought shall proceed to try the same according to the justice and equity of the case, without regarding any defect in the warrant, *capias*, summons or other proceedings of the justice of the peace before whom the same was tried. [Id. 315, § 12.] By a statute passed in 1807, it is declared that costs in equity shall be paid by either party at the discretion of the court. [Id. 350, § 26.] These several enactments it is insisted invest the court trying a cause removed from a justice of the peace with authority to tax either party with all the cost, or so to apportion it between them as may be thought best.

Another section of the act last cited provides that "in all cases in civil actions, the party in whose favor judgment shall be given, or in case of non-suit, dismission, or discontinu-

ance, the defendant shall be entitled to full costs, except when it is or may be otherwise directed by law." [Clay's Dig. 316, § 20.] A statute passed in 1824, enacts that "whenever the defendant in any cause that shall have been decided by a justice of the peace, shall appeal from the judgment of such justice, and the appellate court shall render judgment in favor of the plaintiff for a less sum than that recovered before such justice ; such appellate court may render judgment for the cost of such appeal either against the plaintiff or defendant, according to the justice of the case : but where the plaintiff or successful party shall appeal, and shall not recover more than was adjudged by the justice of the peace, in that case he shall pay all costs." [Id. 315, § 16.] These provisions the plaintiff's counsel contends are conclusive to show that the defendant should have been charged with all the costs.

Although the act of 1819 contemplates the proceedings of a justice of the peace when removed by appeal, with much toleration, and requires that the trial shall be had upon principles of equity and justice, neither that nor any other statute makes them either in terms or by construction cases in equity. Like other suits at law, the party who is unsuccessful, either in the prosecution or defence, shall pay all costs ; and the court has no discretion to prevent such a result; unless the case comes within one of the two categories provided by the act of 1824. The plaintiff is not affected by this statute ; first, because he did not recover in the circuit court less than he did before the justice of the peace ; and secondly, because he recovers more. It follows then, that the judgment against the plaintiff for costs cannot be supported.

The objection is not a mere clerical misprision, amendable here at the costs of the plaintiff in error. It was a point controverted in the court below, and one on which it directly acted, and to which exception was taken. We have only to add, that the judgment is reversed, and here rendered in favor of the defendant in error for $2 and all the costs before the justice, as well as the costs in the circuit court.