# DILL v. PHILLIPS.

1. When upon an appeal from the judgment of a justice of the peace, the defendant is the appellant, and the amount of the plaintiff's recovery is diminished, though not entirely defeated, the court may render judgment against either party, as justice may require, and this discretion cannot be revised by an appellate court.

2. The plaintiff and defendant being joint owners of a horse, the former sold the horse for a note on M, for $30, payable to himself, and a mare worth $70 or $80. The defendant afterwards purchased the interest of the plaintiff in the mare, and gave his note for the price. M was solvent, and able and willing to pay the note of $30, which the plaintiff claimed as his own. Held, that in a suit upon this note, the defendant might set off his interest in the $30 note, if it had not been included in the settlement between the parties.

Writ of Error to the County Court of St. Clair.

THIS was a proceeding instituted before a justice of the peace, on a note for thirty-five dollars, of which the defendant was the maker, and the plaintiff the payee. Judgment was rendered against the defendant for the amount of the note, with interest and costs, and he appealed to the county court, where a verdict was returned for the plaintiff for $20 35. This sum being in court, and tendered to the plaintiff, was ordered to be paid over to him. The judgment entry also recites, that the amount found due by the verdict was tendered by the defendant to the plaintiff, on the trial before the justice, but was then and still is, refused by him: *Further*, it was tendered to the justice on the day the warrant issued, but after it was served. It is also recited that the defendant offered to pay the costs of the justice. Thereupon it was considered, that the plaintiff recover of the defendant the costs of the trial and proceedings before the justice, and that the defendant recover of the plaintiff the costs of the county court.

A bill of exceptions was sealed at the instance of the plain-

tiff, from which it appears that the plaintiff and defendant were joint proprietors of a horse, on the 21st January, 1845, which the plaintiff sold on that day to H. H. Miller, for a note of thirty dollars, payable to himself individually on the 25th December, 1845, and a mare worth seventy or eighty dollars. On the 1st February, 1845, the defendant went to plaintiff's residence for a settlement of his interest in the mare and note, bought of the plaintiff his interest in the mare, and gave therefor the note declared on. There was some conflict in the evidence as to whether the defendant's note was not given upon the settlement of his interest in the mare and Miller's note. Miller was solvent, able and willing to pay his note; it is still in the plaintiff's possession, who claims it as his exclusive property.

The court charged the jury, that if, at the time the note sued on was made, the defendant's interest in the note on Miller, was not included in the settlement between the parties, then the defendant was entitled to set off his interest in the latter note in the present action, and this although it was not collected.

S. F. Rice, for plaintiff in error.

1. One partner cannot sue his co-partner at law, for the conversion of a portion of the personal property of the partnership; especilly when the portion alledged to be so converted is an uncollected promissory note, taken, and kept, and preserved by one partner for partnership property sold by him. Such action cannot be maintained even after the expiration and dissolution of the partnership, if there has been no settlement or express agreement between the partners. It is only an express promise to pay which will sustain such suit. A conversion is not equivalent to an express promise, nor to a settlement between the partners. To constitute a settlement, all must consent to be bound, or none are bound. Lamaleve v. Caze, 1 Wash. C. C. Rep. 435; Williams v. Henshaw, 12 Pick. Rep. 378; 3 Harr. & Johns. R. 194; 1 Root, 270; 1 Binn. Rep. 191; 14 Johns. Rep. 318; 2 Penn. 663.

2. The distinction is between the destruction of the property, and the mere conversion of the property, where the

conversion is not a destruction. If the property is destroyed, an action of trover will lie by one partner against the co-partner. But if the property is not destroyed, but merely converted and retained, (as in this case is alledged,) then the action of trover will not lie, nor can assumpsit be maintained. Gow on Part. 113 to 115, marginal pages. 2 Caine's Rep. 167; 3 Johns. R. 178, and cases there referred to in note a; 2 Southard's Rep. 580.

3. The retaining of the promissory note of Miller, is not a conversion. The plaintiff, as a partner, has the right to retain the note. There is no settlement of the partnership debts, and there may be some outstanding. As the proof does not show that there are no partnership debts, there can be no action at law by Phillips against Dill. 4 East, 121, 126, 128; 1 Taunt. 241; 8 Term R. 145.

J. T. MORGAN, for the defendant.

COLLIER, C. J.—It is enacted by a statute of this State, that whenever the defendant shall appeal from the judgment of a justice of the peace, and the appellate court shall render judgment in favor of the plaintiff, for a less sum than that recovered before such justice, it may enter judgment for the costs of the appeal, either against the plaintiff or defendant, according to the justice of the case; but where the plaintiff, or successful party, shall appeal, and shall not recover more than was adjudged by the justice, in that case he shall pay all costs. Clay's Dig. 315, § 16. This enactment is explicit, and authorises the appellate court to render a judgment against either party for costs, as justice may require, where the defendant is the appellant, and the amount of the plaintiff's recovery before the justice is diminished, though not entirely defeated. And this statute applies as well where a judgment is rendered on verdict, as without the intervention of a jury. Here the judgment of the justice was for more than thirty-five dollars, while the judgment of the county court is for some fifteen dollars less. The case is one in which the court might exercise its discretion as to the costs, and we cannot revise its judgment in this particular.

In taking the note of Miller payable to himself alone, and claiming it as his exclusive property, the plaintiff converted to his own use so much of the price of the horse.    This being the case, and the ability and readiness of Miller to pay being shown, we can conceive of no objection to the allowance of one half of its amount to the defendant by way of set off.    Whether, if the amount sought to be recovered exceeded fifty dollars, so as to have required the suit to be instituted in the county or circuit court, such set off would be admissible, we need not inquire ; for however this may be, the enlarged and liberal rules which are recognized on the trial of appeals from justices of the peace, clearly warranted its admission.    Wood v. Wood, et al. 3 Ala. Rep. 756, is a direct authority to show, that if the defendant was not allowed to recover his interest in the note of Miller, at law, he would be remediless ; for the amount in controversy would be too small to induce the interference of equity.    The doctrine of an unsettled partnership account cannot be invoked to defeat the defence ; and an examination of Beason v. Riddle, 11 Ala. Rep. 743, will show that it is wholly inapplicable.    Our conclusion is, that the judgment must be affirmed.