## GOWEN & CO. ET AL. vs. JONES.

1. When the defendant contests only a part of the plaintiff's demand, and asks a continuance of the cause, the court may require a confession of judgment for the sum admitted to be due, and grant a continuance as to the residue.

2. If execution issues for the amount of the judgment confessed, and it is satisfied by the defendant, he cannot move to strike the case from the docket, nor take advantage of the payment by pleading a former recovery *puis darrein continuance.*

ERROR to the Circuit Court of Montgomery.

Tried before the Hon. Robert Dougherty.

Jones sued Gowen & Co. and another, in the Circuit Court on a bill of exchange. The action was assumpsit, and the bill on which it was founded was drawn by Gowen & Co. and McRea on Mauldin & Terrill, for one thousand dollars. No pleas appear in the record until the fall term of said court, 1850.

At the fall term, 1849, the record shows that the defendants confessed judgment for eight hundred and fifty dollars, "part of the amount in controversy between the parties," and the cause was continued for the balance.

At the fall term, 1850, as appears by the bill of exceptions, the defendants moved to strike the case from the docket, and to support the motion, showed that at the fall term, 1849, the defendants moved the court for a continuance, on the ground of usury to the extent of one hundred and fifty dollars, and in order to get a continuance, were required to confess a judgment for the sum of eight hundred and fifty dollars, part of the demand sued for, and the entry is copied in the bill of exceptions; and it was proved that execution had issued on said judgment, and the money had been paid thereon by the defendants, within six months after the rendition of said judgment. The motion was overruled, and the defendants excepted.

On the trial, the defendants proved the same facts, under a plea of former recovery, pleaded *puis darrein continuance,* and asked the court to charge the jury, that no further recovery could be had, if the jury were satisfied of the existence of

Gowen & Co. et al. v. Jones.

the fact proved. The court refused the charge, and the defendants excepted.

The defendants then asked the court to charge the jury, that if they found the facts as above set forth, the plaintiff could recover no further damages; which was also refused, and defendants excepted.

The de- al of the motion, and the refusal to charge as requested, are here assigned for error.

WATTS, JUDGE & JACKSON, for plaintiffs in error.

WHATLEY, *contra*.

LIGON, J.—Under the view taken of this case by a majority of the court, it will be needless to examine whether the question involved was rightly raised in the court below, by motion to strike the case from the docket, or under the plea of the former recovery, as they hold it could not avail the plaintiffs in error in either form.

The case of Henderson v. Henry, 6 Ala. Rep. 361, is considered as having settled the practice in this State, as it was ruled in the court below; and doubtless, under the authority of that case, a practice, which, at the time of that decision, was only partially indulged, has now become general, and great mischief might result from changing it.

I must confess, however, that I have looked in vain for a precedent, or an authority, to sustain it, and I have but little favor for a judgment confessed to procure a continuance of part of the cause, or the imposition of such terms, by the courts at *nisi prius*, as conditions for their favors.

I regard the able arguments of the Chief Justice and Mr. Justice Parsons, against this practice, in the case of Edwards v. Lewis, 18 Ala. Rep. 494, as unanswerable, and as leading to the only correct legal conclusion on the subject. But as a majority of my brethren hold the contrary, and think the court below had the power to require a confession of judgment, as to part of the demands due on, and to continue the case as to the remainder, the judgment of the Circuit Court must be affirmed.