## HORNSBY *vs.* CROSSLAND.

1. When plaintiff brings debt under the statute, before a justice of the peace, to recover the value of trees cut and removed from his premises by defendant, and, the case being removed by appeal into the Circuit Court, he there recovers judgment for a less sum than before the justice, the court may enter judgment for the costs of the appeal, against either party, according to the justice of the case. (Clay's Digest, 315 § 19; ib. 581 § 2.)

ERROR to the Circuit Court of Tallapoosa.

Tried before the Hon. EZEKIEL PICKENS.

Hornsby brought suit before a justice of the peace, to recover the value of certain pine trees which Crossland had cut and removed from his lands, and recovered nine dollars, the statutory value of three trees. Crossland appealed to the Circuit Court, and the case was there tried by a jury, and a verdict rendered for fifty cents in favor of the plaintiff. On this verdict, the court rendered judgment in favor of the plaintiff for fifty cents debt, and a like sum for costs; and a judgment against him for the balance of the costs.

The plaintiff below brings the case here, and assigns for error that the court below rendered judgment against him for costs.

BARNES & ALLISON and GRESHAM & WHATLEY, for plaintiff in error.

LEFTWICH, *contra.*

LIGON, J.—This action is not trespass *quare clausum fregit,* to recover damages for an injury done to the lands of the plaintiff; but is debt, under the statute, (Clay's Dig. 581 § 2) to recover the value of trees cut and removed from the plaintiff's premises by the defendant. It is not, then, an action of tort, and consequently cannot be brought under the influence of the decision of this court in the case of Ivey v. McQueen, 17 Ala. Rep. 408, and others cited in the brief of the plaintiff in error.

The plaintiff had the right to waive the tort, and sue in

debt for the penalty given by the statute; and having elected to do so, he cannot complain when he is tried by the rules which regulate cases of appeals in such actions. It is provided, (Clay's Dig. 315 § 16,) by the act of 1824, that, "whenever the defendant in any cause which shall have been decided by a justice of the peace, shall appeal from the judgment of such justice, and the appellate court shall render judgment in favor of the plaintiff, for a less sum than that recovered before such justice, such appellate court may enter judgment for the costs of such appeal, either against the plaintiff or defendant, according to the justice of the case."

This case is one of the class provided for in this statute; and as the court below is vested with discretionary power over the costs, and has exercised that discretion, we will not revise it. Dill v. Phillips, 13 Ala. Rep. 350.

Let the judgment be affirmed.