# MONTGOMERY & WETUMPKA PLANK ROAD CO.
## *vs.*
## PERSSE, TAYLOR & CO.

1. On a trial of the right of property, the claimant having applied for a continuance, it was shown that, at the last term, the cause had been continued by him on the payment of all costs, and that he had failed to comply with that order, although with full knowledge of it; and his attorney being then in court, and refusing to comply with said order, or to show cause against it, the court refused the continuance, and would not put the plaintiff on the admission of the facts which the claimant stated his absent witnesses would prove, but informed the claimant that he should not be permitted to defend the suit, unless the costs were paid, or cause shown why they should not be paid; and on the claimant's continued refusal to pay the costs, or to show cause, the court would not permit him, on the trial, to offer evidence to show title in himself to the property, and confined him to evidence merely of its value : *Held*, that the action of the court was erroneous; and the judgment was therefore reversed, and the cause remanded.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. NAT. COOK.

TRIAL OF THE RIGHT OF PROPERTY between the appellant, as claimant, and the appellees, as plaintiffs in execution. The facts are stated in the opinion of the court.

N. HARRIS, for the appellant.

WHITE & PARSONS, *contra.*

CHILTON, C. J.—At the Spring term, 1852, the cause was continued on the application of the claimant, "on the payment of the cost of the term"; and at the succeeding term it was "continued by the claimant on the payment of all costs." At the Spring term, 1853, the claimant again applied for a continuance; but it being shown that it had failed to comply with the previous orders of the court in respect of the payment of costs, although with a full knowledge that such orders were made, and being then in court by its attorney and special agent, refusing to comply with them, or show cause why it should not, the court refused a continuance, and would not put the plaintiff in execution on the admission of what

the claimant stated his absent witness would prove; and informed the claimant that it should not be permitted to defend the suit, unless the costs were paid, or cause shown why they were not so paid. On the defendant's refusal to pay the cost, or show cause, the court, on the trial, refused to permit it to offer evidence to show title in itself to the property claimed, but confined it to evidence merely of the value of the property.

It cannot be denied, that the court had a discretion over the subject of continuing the cause, and could impose such terms as is contemplated by the act conferring this power: and this court cannot properly control that discretion, when exercised within the scope of the power delegated. But while the court may impose terms as a condition of a continuance, and put the party upon the alternative of either consenting of record to the terms imposed, or refusing to submit to them, and thereby be forced to trial, it cannot, in the event the party submits to them, superadd conditions, at a subsequent term, to which the party had not consented, as a penalty for his failure to comply with those to which his assent had been obtained. *Non constat*, had these which are superadded been proposed with those to which he originally consented, he would have refused his assent, and proceeded with the trial.

The costs were imposed upon the claimant in this case, and, as it availed itself of the continuance, we will infer that it consented to the terms on which it was granted. That the claimant should offer no proof of title was not a condition imposed as one of the terms of continuance. It was superadded without the consent of claimant, and was clearly erroneous; for, in the absence of such consent, it is clear the court has not the power, either to order the defendant's plea to the merits to be stricken off the file (5 Ala. 30; 7 *ib.* 528) or, which is the same in effect, deny him the privilege of making good his defence by proof. The claimant is to be regarded as the defendant with respect to controversies of this character. The *onus* is upon the plaintiff in execution; and until he makes out his case, the claimant may remain passive. It is therefore entitled to the privileges of a defendant, and, being retained in court, should have been allowed to show its

35

title, so as to defeat the claim of the plaintiffs in the attachment to the property levied on.

But it is said the claimant offered no proof of title, and has not therefore been injured ; but how could it offer proof, when the court had ruled that it should not do so ? If the claimant had no proof, the order was nugatory. But this refusal of the judge to allow it to offer proof of title, puts the court in error,—an error going to the very gist of the controversy ; and if it be true that the claimant had no such proof, this should have been shown so as to render the error harmless.

We are unwilling to sanction the doctrine of discretion to the extent to which it was carried in this case ; for, if the decision be correct, it would be difficult to set bounds to it.— If the court may properly refuse the party the right of proving title to the property claimed, upon the ground that its non-payment of the cost put it in contempt, upon the same principle a bill of exceptions might be denied, or any other part of the pleadings or record controlled, and discretion might be made to cure every defect, and deprive this court of the power of revising the action of the primary courts.

Judgment reversed, and cause remanded.