## WALLER *vs.* SULTZBACHER & PAIGE.

[ACTION ON OPEN ACCOUNT, FOR GOODS SOLD AND DELIVERED.]

1 *Conditional continuance.*—Where a continuance is granted to the defendant, on the condition that, if the costs are not paid within ninety days after the adjournment of the court, his plea shall be stricken from the file, and the plaintiff have judgment by *nil dicit;* if the costs are not paid within the specified time, the court may, at the next term, strike the plea from the file, and render judgment by *nil dicit* for the plaintiff.

2. *Assignment of error not insisted on.*—In civil cases, the appellate court will notice only those assignments of error which are insisted on by the appellant's counsel in his brief or argument.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by the appellees, was commenced by attachment, and was founded on an open account for goods sold and delivered. At the fall term, 1860, an entry was made in the case in the following words: "Came the parties, by their attorneys; and this cause is continued by the defendant, upon the payment of the costs of the term; and this is made a condition precedent, with the further condition that, if the said costs are not paid in ninety days after the adjournment of this court, the defendant's plea shall be stricken from the file, and the plaintiffs shall have judgment by *nil dicit*, with inquiry; which condition is accepted by the defendant, and the defendant admits, in open court, that the account sued on is correct; and the cause is continued." At the next term, as the bill of exceptions states, "when the cause was called, the plaintiff's counsel inquired if the order of the last term had been complied with; to which the clerk replied, that it had not, and that the costs had not been paid. The defendant's counsel then asked, if the court would allow the defendant to pay the costs then, as a compliance with the said order; which the court refused to allow, but required

the plea to be withdrawn, and the correctness of the account admitted, and then rendered judgment by *nil dicit* for the plaintiffs, with a writ of inquiry." The defendant reserved an exception to this ruling of the court, and he now assigns the same as error, together with another ruling of the court on the execution of the writ of inquiry, which requires no particular notice.

J. FALKNER, for appellant.
BROCK & BARNES, *contra.*

R. W. WALKER, J.— One of the conditions upon which the defendant obtained the continuance at the fall term, 1860, was, that if the costs were not paid in ninety days after the adjournment of the court, the defendant's plea should be stricken from the file, and the plaintiffs have judgment by *nil dicit*, with inquiry. The defendant did not question the right of the court to impose these terms, but accepted the same. The order of the court became thereby an agreement of record between the parties, and the defendant cannot complain that it was enforced against him. The record shows that the costs were not paid within the ninety days; and accordingly the court did not err in striking the defendant's plea from the file, and giving the plaintiff judgment by *nil dicit.*—See *Gowen v. Jones*, 20 Ala. 128; *M. & W. P. Railroad Company v. Persse, Taylor & Co.*, 25 Ala. 537; Code, § 743.

[2.] The assignment of error relating to the exclusion of evidence on the execution of the writ of inquiry, is not insisted on in the appellant's brief, and we will not consider it.

Judgment affirmed.