# LEWIS vs. WOOD.

[ACTION ON NOTE—PRACTICE.]

1. *Granting continuance on terms; practice.*—Where the court below im. poses terms as condition of continuance, and the party accepts them, this court will not revise.the action of the court below.

2. *Refusal to hear second application for continuance until previous order is complied with.*—The action of the court below, in refusing to hear a second application for a continuance until a previous order of the court has been complied with, will be sustained; whether such action is revisable on appeal, *quere?*

APPEAL from the Circuit Court of Russell.
Tried before Hon. ROBERT DOUGHERTY.

THIS was an action on a promissory note, brought by Wood (the appellee) against Lewis. At the spring term, 1867, Lewis made an application for a continuance, which was granted him, on condition of "payment of the cost and fifty dollars attorney's fees for the plaintiff, which terms the defendant accepts." There was a judgment entered accordingly, against the defendant, "for the costs of this suit and fifty dollars attorney's fees for the plaintiff." At the fall term, 1867, the defendant again made application for a continuance, which was resisted by the plaintiff, on the ground, that the terms imposed for the continuance at the last term had not been complied with. The truth of this being ascertained to the satisfaction of the court, and the said defendant then declining, and refusing to comply with said terms, the court permitted the plaintiff to take a judgment *nil dicit* for the amount of the note and interest. To this action of the court defendant excepted, and filed his bill of exceptions. The nature of the assignments of error, is fully stated in the opinion of the court.

J. M. PHILLIPS, for appellant.
WILSON WILLIAMS, *contra.*

BYRD, J.—1. Two questions are raised by the assignments of error. 1st. Whether the court " erred in imposing the plaintiff's attorney's fee on the defendant, as a condition of continuance on the first call for trial;" and 2d, "in refusing (at a subsequent term of the court) to hear an application for continuance until the previous order had been complied with."

The question of the authority of the court to enter a judgment against the defendant below for the attorney's fee, is not raised by any assignment of error.

The court *might* have the authority to impose terms for a continuance when it had none to enter a judgment thereon, if the terms were accepted. But, however this may be, we will proceed to the determination of the question of the power of the court to impose the payment of fifty dollars as an attorney's fee upon the defendant as a condition for a continuance.

In this case the defendant accepted the terms and took the continuance. The record does not show that the defendant complied with the rule of practice (No. 16, Code, 715,) in making application for a continuance at the first trial term; nor can we presume that he did so. And as he assented to the terms without reserving any exception or, so far as we can see, making any objection thereto in the court below, he can not be permitted for the first time to make the objection in this court. If he had refused to accept the terms, and had excepted to the ruling of the court, and reserved the question by bill of exceptions, and the court had proceded to render a judgment *nil dicit* without allowing the defendant a trial by jury, *on appeal*, the question would assume a different aspect from the one presented on this record. The doctrine on the general subject is laid down in the case of the *M. & W. R. R. Co. v. Persse, Taylor & Co.*, 25 Ala. 536; see, also, *Brown v. Riddle*, 11 Ala. 743; *Porter v. Williams*, 22 Ala. 525; 20 Ala. 128; 25 Ala. 498; *Locket v. Child*, 11 Ala. 640. The last case

cited *might* be considered in conflict with the first, but it is not, and they are clearly reconcilable with each other.

2. The question of the correctness of the action of the court in rendering a judgment *nil dicit*, is not raised by the assignments of error, though argued by counsel. The question raised is, whether the court erred " in refusing to hear an application for continuance until the previous order had been complied with."

If a question of this kind is reviewable on appeal, it seems to us to be settled adversely to appellant by the cases cited above.—See, also, *Morris v. Dortch*, 1 Stew. 479. If the court had refused to allow appellant to file a plea or a trial by jury, then the case might have come within the influence of the decision in the case of *M. & M. P. R. R. Co. v. Persse, Taylor & Co.*, *supra*.

It results that the judgment must be affirmed.