Doe, ex dem. Wilkerson, v. McDougal.

## DOE, ex dem. WILKERSON, vs. McDOUGAL.

[EJECTMENT.]

1. *Ejectment, action of; by what law governed.*—An action of ejectment commenced in 1852 is governed by the law of that action as it existed under Clay's Digest. Such an action should be conducted as at common law, except the fictitious proceedings are abolished.
2. *Same; proceedings in, as to declaration, &c.*—In such an action, the tenant in possession, who is the real defendant, on being served with a copy of the declaration and notice, is required, under the consent rule, to confess lease, entry and ouster, and put in his plea of not guilty and insist upon his title only: after this, he can not demur to the declaration. If the declaration is insufficient, it should be set aside and amended,
3. *Ejectment; what title plaintiff must have to entitle to recovery.*—When this form of action is instituted for the recovery of a term for years, the plaintiff must have a good title as against the defendant, both when the action is commenced and when it is tried, or else he can not recover.
4. *Cause submitted without argument or brief; when errors assigned will be considered abandoned.*—When a cause is submitted "by consent" without argument, and no brief is furnished the court by the appellant in support of the assignment of errors, it will be presumed that the assigment of errors is not insisted on, and this court will not feel bound to consider them.

APPEAL from the Circuit Court of Russell.

Tried before Hon. LITTLEBERRY STRANGE.

The opinion states the facts.

HOOPER, for appellant.

DAVID CLOPTON, *contra*.

PETERS, J.—This is an action of ejectment commenced on the *eleventh* day of March, in the year 1852; and a copy of the declaration and notice was served upon the tenant in possession on the *eighteenth* day of March in the same year. This was before the adoption of the Code. Consequently, the law which governs such a suit is found in Clay's Digest of the Laws of Alabama. By this law, the fictitious proceedings in the action of ejectment are abolished.— Clay's Dig. p. 320, § 43. In this compilation of our statutes it was prescribed that, "in all cases where the action of trespass to try titles would, under the present laws, be the proper action, the plaintiff, at his election, shall have either the said action of trespass to try titles, or the action of *ejectment;* and when the action of ejectment shall be brought, it shall be lawful, and shall be the duty of the jury trying the same, to assess the damages in favor of the real plaintiff, as in actions of trespass to try titles."—Clay's Dig. p. 320, §§ 46, 43, 44. The action referred to in these sections of the law as an action of ejectment is that action as at common law, with the fictitious proceedings abolished. That is, the real plaintiff and the real defendant take the places of the fictitious parties, and the action proceeds in other respects as it did before. The form of the pleadings in this case is that adopted at common law. The declaration here pursues the form given in the books of credited authority on matters of pleadings.—2 Chit. Plead, pp. 877, 878. In such case, at common law or under the English practice modelled on the common law, it is required that the declaration and notice of suit shall be served on the casual ejector. And if the tenant in possession chooses to appear pursuant to the notice and defend, a rule of court is entered, by consent of parties, by which it is ordered that the tenant in possession be made defendant instead of the casual ejector, and receive a declaration in an action of trespass and ejectment for the premises sued for, and plead thereto "not guilty;" and upon the trial of this issue such tenant was required to confess lease, entry and ouster, and insist upon his title only,—2 Tidd's Pr. 1203, 1204, *et seq.*

This practice forbids the defendant to demur to the declaration, because the plea of not guilty, having been entered under the consent, it was too late to demur. If the pleadings are irregular or insufficient, they should be set aside and amended.—2 Chit. Pl. 878 and note *t*, and cases cited; 2 Tidd's Prac. 1203, 1204, *et seq.*, *supra; Lion, ex dem.*, *v. Eden*, 18 Johns. R. 510. But under our practice, it is presumed, the fictitious parties are dispensed with and the pleadings are conducted in the name of the real plaintiff against the tenant in possession, upon whom the declaration and notice are served. And when thus served with process, the tenant in possession, who is the real defendant, appears and makes defense or permits a judgment to go by default, upon the same terms as at common law; and the action is, thenceforward, conducted in the same way, and the judgment is the same. At common law, under this form of action, when it is instituted for the recovery of a term for years, as is the case here, the plaintiff must have a good title as against the defendant, both when the action is commenced and when it is tried, else he can not recover.—*Burton v. Austin*, 4 Vermt. 105, 107; *Jackson v. McClaskey*, 2 Wend. 541. A destruction or failure of the plaintiff's title after suit brought may be pleaded by plea since the last continuance.—2 Wend. 541, *supra*. Here the several counts of the declaration are upon demises for seven years, commencing in 1850. The case was not tried till 1869; above ten years after these terms had expired. Then, upon the face of the pleadings the plaintiff shows that he has no right to recover. And although the court erred in sustaining the demurrer to the declaration in this form of action, it was error without injury; which is not a ground for reversal.

It may be contended, that as the action was commenced before the expiration of the term, and that the term has failed since action brought, the plaintiff is entitled to recover the damages for detention of the lands and for the rents and profits. Although this seems the extent to which the judgment of the court goes in the case of *Jackson, ex dem., v. Davenport*, (18 Johns. R. 295,) it does not seem to

be supported by other authorities equally respectable. The plaintiff having elected to bring ejectment, which is an action for the recovery of the possession of the lands in question, he must take that action with its limitations. It is the legal effect of the action of ejectment as it existed under Clay's Digest, that the title being gone, the right to damages went with it; because the recovery of the damages was only an appendage of the recovery of the lands. *Tryson v. Tryson*, 16 Vermt. 313; *Burton v. Austin et al.*, 4 Vermt. 105; 2 Tidd's Pr. 1189, 1190. It is possible that in such a case the more consistent practice is to allow the term to be enlarged, for the purpose of carrying a judgment for the damages and costs.—See Tillinghast's Adams on Eject. 216, *et seq.*, and cases cited in the notes. Then the sustaining of the demurrer was not a reversible error in this case.

But besides, this cause was submitted "by consent," without argument. No brief has been furnished by the appellant in support of his assignments of error. When this is the case, it will be presumed that the assignments are not insisted on, and this court will not feel bound to consider them.—*Shæfer v. Sheppard*, June term, 1872; 38 Ala. 318.

Let the judgment of the court below be affirmed.