[Dunlap v. Horton.]

# Dunlap v. Horton.

### Action on Common Counts.

1. *Writ of inquiry; what evidence is admissible for defendant, on execution of.* — On the execution of a writ of inquiry, after judgment by default or *nil dicit*, the defendant cannot adduce evidence which tends to show that he is not liable at all, or that judgment ought not to have been rendered against him.

2. *Amendment of judgment nunc pro tunc.* — An order of court, or minute-entry, in these words, "Continued on payment of all the costs in sixty days, otherwise the case is dismissed," cannot be amended at a subsequent term, *nunc pro tunc*, so as to make it show that the continuance was granted to the defendant on the condition that, if the costs were not paid within the specified time, judgment should go against him, unless there is sufficient record evidence to authorize the amendment.

3. *Conditional continuance.* — When a continuance is granted, on the application of the defendant, on condition that, if the costs are not paid within a specified time, judgment shall go against him, his acceptance of the terms makes it a valid agreement of record; but the court is not bound to enforce it, and cannot impose such terms at the trial, without the defendant's consent.

4. *Deposition; amendment of commissioner's certificate.* — The certificate of the commissioner, appended to a deposition, may be amended by him at the trial, by adding the statements, that he is not related to either of the parties, and that the witness is personally known to him.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. L. R. SMITH.

M. L. STANSEL & F. P. SNEDICOR, for appellant.

H. S. SHELTON, *contra.*

B. F. SAFFOLD, J. — The suit was commenced by the appellant against the appellee and George H. Horton, by attachment, in December, 1867. The complaint contained only common counts. At the Spring Term, 1869, a motion was made to require the plaintiff to give security for costs in sixty days, and the bankruptcy of G. H. Horton was suggested. At the same term the following entries were made, perhaps on the judge's docket : " Jury and verdict for defendant." " Defendant moves to dismiss, on ground that it is joint account, and jury and verdict for one is also for the other. Motion overruled. Defendant excepts." " 15th, continued by consent." At the Spring Term, 1871, a judgment was rendered against both defendants, for the full amount claimed, with interest. This judgment was set aside, and a new trial granted, at the same term. At the Fall Term, 1871, the following entry was made : " Continued on payment of all the costs in sixty days, otherwise the case is dismissed. The defendants have leave to retake depositions of Sarah A. Horton, under the statute. Cost of taking former deposition charged to defendant." At the Spring Term, 1872, the above entry was amended, *nunc pro tunc*, on the application of the plaintiff, to read that the continuance was

[Dunlap v. Horton.]

granted to the defendant on condition of payment of all the costs, otherwise a judgment would be rendered against them at the next term ; and effect was given to it as if entered at the preceding (Fall) Term, 1871. The court then rendered a judgment against the defendants, because an execution against them for costs had been returned "no property," and they were in contempt for not complying with the former order of the court. A writ of inquiry was awarded, and immediately executed ; the finding of the jury being in favor of the plaintiff, for one cent damages against S. A. Horton, and the debt claimed against George H. Horton. Judgment was entered in accordance with the verdict.

The certificate of appeal recites, that the transcript contains all of the proceedings in the cause, and that the plaintiff appealed, and gave security for costs. It is not more definite in respect to the judgment appealed from.

On the execution of the writ of inquiry, the defendant S. A. Horton offered as evidence her own deposition, to which the plaintiff objected, " because the testimony contained a denial of the correctness of the items of said account, and of the charges therein made, and that said testimony was irrelevant to the issue before the jury, which was only the ascertainment of the damages due the plaintiff on said account." He also objected, on the same ground, to the testimony of W. H. Horton, a witness for the defendants. The substance of Mrs. Horton's testimony may be fairly represented by the following answers which she made : " I do not owe Wm. H. Dunlap anything, nor am I liable to him for any amount of money, on any account whatever." " George H. rented my land and stock for the year 1867 ; and our contract was, that he would furnish me my victuals and clothes, and pay all taxes on the farm, and then to have all he could make on the farm, he to pay all expenses." " In our contract, he was to furnish everything in the way of supplies himself. I was not to furnish anything. I was to be at no expense whatever." " I never agreed to pay for them " (the supplies), " or to see that they were paid for, or in any way made myself responsible for them." W. H. Horton " testified to facts tending to show that the defendant S. A. Horton was not a partner of G. H. Horton, had no interest in the crop raised on her place the year the supplies were furnished by the plaintiff, and that she was not liable for the articles so furnished."

1. It is not easy to express with precision the difference between the testimony which is admissible in the execution of a writ of inquiry, and that which is not, on account of its tendency to subvert the judgment. Chitty says, the suffering judgment by default (except in an action of debt) only admits the precise allegation in the declaration, and that *something* is

[Dunlap v. Horton.]

due or claimable. 3 Chit. Gen. Prac. 673. In this case, it would be that the defendants were indebted in *some amount* to the plaintiff, on an account, or for goods sold, or work done. Archbold says, the only matter in dispute between the parties is the amount of the damages. The defendant will not be allowed to give evidence which goes to prove that he is not liable at all, and that the action should not have been brought against him. For instance, in an action on a bill of exchange, the defendant cannot give evidence impeaching the consideration for it (*Shepherd* v. *Chester*, 4 T. R. 275); or in an action for goods sold, that he purchased them merely as agent for another (*De Gaillon* v. *L'Aigle*, 1 B. & P. 368), because such defences go to the whole cause of action. But in an action for work and labor, he may show that a *part* of the work was done on the retainer of another person. *Williams* v. *Cooper*, 3 Dowl. 204; 2 Arch. Prac. K. B. 3d ed. 349. The part of the work done at the instance of another is not in contravention of the judgment, because the declaration is for some work done generally. If the exact kind and amount done was alleged, the judgment would be an admission of it as stated in the declaration. On the same ground, the plaintiff, suing for goods sold, must prove the delivery of the articles, and the defendant may disprove it.

The evidence objected to goes to prove that the plaintiff never had any cause of action against Mrs. Horton. The account was no doubt correct against George H. Horton. The two defendants were so associated with each other, in reference to the farm, as induced the plaintiff to believe they were jointly interested in conducting it. He sold the goods to George Horton, and charged both with them. Mrs. Horton's defence is, that she had nothing to do with the contract, was not liable for the expenses of the farm, and never authorized anybody to buy for her use, or on her account, so as to bind her. I think the evidence was inadmissible. If one person should buy goods, and give them to another, the latter, after judgment by default, in an action of assumpsit against him, could have nothing to say upon a writ of inquiry. There is nothing in Mrs. Horton's testimony to show that she did not to some extent occupy such a position.

2, 3. If the transcript presents the proceedings in the case with entire accuracy, the amendment of the order requiring payment of the costs in sixty days, on pain of having the cause dismissed, into an order that, unless the defendants paid the cost, judgment should be rendered against them, was not permissible from anything of record. I suppose a defendant might make a valid agreement that unless he paid the cost within a specified time, his defence to the action should be excluded; as

[Baker *v.* Pope.]

was held in *Waller* v. *Sultzbacher & Paige*, 38 Ala. 318. But to enforce it at the moment when he might have a trial, would be harsh, though it had been solemnly made. The court was not bound to amend the order of the preceding term, if it could properly have been done. To impose such terms at the trial, without the consent of the defendants, would have been error. *Mont. & Wet. Plank Road Co.* v. *Persse, Taylor & Co.* 25 Ala. 536. As the judgment by default is interlocutory, the court has authority and discretion to set it aside, and allow a trial of the cause on its merits. If no reason to the contrary be shown, we suggest that course. *Ewing* v. *Peck & Clarke*, 17 Ala. 342 ; 1 Tidd's Prac. 569. The defendants will have the right of appeal from that judgment, when the writ of inquiry is finally executed; and if there be error in it, the inquest will amount to nothing.

4. The objection to the amendment of the certificate to the deposition by the commissioner is not well taken. The certificate is made presumptive evidence only of the facts required to be stated in it. If they may be rebutted, why may they not be proved originally? At any rate, no reason is seen why the commissioner may not make it speak the truth.

The judgment is reversed, and the cause remanded.