# Torrey, Ex'tr, v. Bishop.

### *Statutory Action of Ejectment.*

1. *Continuance on terms; within discretion of the trial court, and will not be disturbed on appeal.*—When a cause is at issue, it is within the discretion of the trial court to grant a continuance thereof on certain terms imposed; and when a continuance is granted at plaintiff's instance, upon condition that he pay all costs of that term before the next term of the court, if the costs are not paid by the plaintiff within the specified time, the court may, at the next term of said court, dismiss the cause; and the exercise of this discretion will not be disturbed on appeal.

2. *Suits against administrator; when statutory inhibition does not apply.*—When an outside party claims adversely to the right or title of a decedent to certain lands, a suit to recover said lands against the personal representative, who asserts claim alone in his representative capacity, is not a suit against him as such personal representative, so as to fall within the statutory provision inhibiting the institution of a suit against an executor or administrator, as such, within six months after the grant of letters of administration, and the recovery of judgment against such personal representative, as such, until eighteen months after the grant of such letters, (Code, § 2263); and where, in an action of ejectment to recover certain lands, the defendant dies, and the cause is immediately revived against his administra-

[Torrey, Ex'tr, v. Bishop.]

tor, the case is properly at issue after such revival, and can properly proceed to judgment before the lapse of eighteen months from the grant of letters of administration.

3. *Motion to retax costs; review on appeal.*—Where, on a motion to retax costs there is no evidence in the record that the allegations in the motion are true, and it does not appear that any evidence in proof thereof was introduced, the denial of said motion by the trial court will not be disturbed on appeal.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. JAMES T. JONES.

On November 25, 1890, Charles Torrey, as executor of John Bowen, deceased, brought a statutory action of ejectment in the Baldwin county circuit court against James A. Bishop and Elisha Forbes, to recover the possession of certain specifically described lands. At the April or Spring term, 1891, of said court, the cause coming up for trial, the plaintiff dismissed the suit as to the defendant, James A. Bishop, and proceeded against Elisha Forbes. Thereupon, the defendant Forbes moved the court to abate the suit of the plaintiff against him, because of the dismissal of the suit as to his co-defendant, which operated as a discontinuance of the plaintiff's suit. The court granted this motion, and from the judgment in that behalf an appeal was prosecuted by the plaintiff to the Supreme Court. On said appeal it was held that the court below erred in dismissing the suit as to the defendant, Forbes, reversed the judgment and remanded the cause for further proceedings therein. After the plaintiff had dismissed the suit as to the defendant, James A. Bishop, he brought another suit in June, 1891, against, the said Bishop, to recover the same lands sued for in the original suit. In March, 1892, it was agreed in writing by counsel, that the two cases should be consolidated and tried together. At the succeeding Spring term, 1892, the cases were continued. In the Fall of 1892, the defendant, Forbes, died, and on November 28, 1892, leave was granted the plaintiff to revive the suit against the heirs and administrator of said Forbes, deceased, when ascertained. At the succeeding Spring term, to-wit, on May 8, 1893, the court, upon motion of the defendant, Bishop, granted an order of severance of the two cases, to the granting of which the plaintiff duly excepted. At the same term, the court at the instance of the plaintiff in each case, continued the separate cases upon condition

that he should pay the cost of that term of the court before the next term of the court. At the November term, 1893, which was the next term of said court, the plaintiff made a motion to set aside the said order imposing payment of costs as a condition of continuance, and also moved the court to set aside the order of severance of the two cases, and also made a further motion to retax the costs upon certain grounds set out in said motion. Each of these motions was refused by the court, and the plaintiff separately excepted to each of said several rulings. The plaintiff failed to pay the costs as required by the order of the court granting a continuance, and defendant, appellee on this appeal, moved to dismiss the case against him, on the ground of the plaintiff's failure to pay the said costs. The court granted the motion, rendered judgment dismissing said cause out of the court, and to this ruling the plaintiff duly excepted. The plaintiff now brings this appeal, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FRED'K G. BROMBERG, for appellant.

PILLANS, TORREY & HANAW, *contra.*—In the imposition of terms by a trial court as a condition for the granting of a continuance, and as to the dismissal of a cause by reason of the failure of the plaintiff to comply with such conditions, the court exercised the discretion which rested with it.—*Waller v. Sultzbacher,* 38 Ala. 318 ; *Maund v. Loeb,* 87 Ala. 374 ; Rule 16 Circuit Court Practice. The theory of appellant that this case could not properly be tried, and no judgment rendered against the executor until eighteen months after the granting of letters of administration can not be maintained.—Code, §§ 2606, 2608 ; *Ala. State Bank v. Glass,* 82 Ala. 278.

McCLELLAN, J.—If the consolidated cause of Torrey v. Bishop and Forbes was not at issue at the Spring term, 1893 of the Baldwin circuit court, that court was without authority to impose terms upon the plaintiff as a condition to a continuance, and the judgment of dismissal entered at the succeeding term for the failure of the plaintiff to comply with the terms thus imposed was erroneous. Whether the cause was then at issue turns upon the inquiry

whether a judgment in the statutory substitute for the action of ejectment may go against an administrator, who is brought in upon the death of the original defendant, before the lapse of eighteen months from the grant of letters. In the case of *Alabama State Bank v. Glass*, 82 Ala. 278, referring to the statutory provision that "No suit must be commenced against an executor or administrator, as such, until six months, and no judgment rendered against him, as such, until eighteen months after the grant of letters of administration," this court said: "It is not, however, every suit against an executor or administrator which falls within this statutory prohibition. To fall within its provisions, it must be against the personal representative *as such*. By this we understand, not only that the suit must be against the representative in his representative capacity, but that it must seek to fasten or establish a liability upon or against the property of the decedent. Hence when an outside party claims adversely to the right or title of such decedent, although the personal representative asserts claim alone in his representative capacity, the suit is not strictly against him *as such* personal representative. The tort is his own personal tort, if the decedent had no title ; and whether sued as an individual, or in his representative capacity, the statute copied above does not bear on the case." The soundness of this view can not be doubted when it is taken into consideration that the purpose of the statute in question was to afford the representative time and opportunity to ascertain what property belongs to the estate, to marshal it, and, among other things, to determine whether the estate is solvent or insolvent, and that the determination, during the period of conflicting claims, of title to property which was held by the decedent and has passed into the possession of his personal representative is in direct conservation of that purpose.

The case at bar falls clearly within this principle. The decedent in his lifetime held lands to which the plaintiff's intestate claimed title. Upon his death the possession thereof was taken by his administrator. If the decedent had no title to the land, his holding was tortious, and the possession of the representative was likewise a tort committed by the person who is in the office of administrator ; his possession, if wrongful, is his individual tort; and so far from an adjudication to that effect being vio-

lative of the statute, its effect is to further and carry out the ends which actuated the legislature to its enactment:

The case was, therefore, at issue when the order of continuance, at plaintiff's instance, was made upon the condition that he pay all costs of that term before the next term of the court. It was clearly within the discretion of the court to impose these terms and to dismiss the case upon the failure of the plaintiff to comply with them; and we will not disturb the exercise of that discretion.— 16th Rule of Practice, Code, p. 808; *Waller v. Sultzbacher et al.*, 38 Ala. 318; *Maund v. Loeb & Bro.*, 87 Ala. 374; *Rhea v. Tucker*, 56 Ala. 450; *Dunlap v. Horton*, 49 Ala. 412.

Whether the court erred in granting a severance of the case against Bishop from the case against Forbes' representative and heir, after those cases had been consolidated under, and upon the terms shown in, the written agreement of the parties, is not material to the decision of the case as now presented. That ruling had no bearing upon the court's power to impose terms for the continuance moved by the plaintiff or upon its power to dismiss the case upon non-compliance with those terms, and if erroneous it was without injury to the plaintiff.

There was a motion by plaintiff to retax the costs which he was required to pay by the order of May 8, 1893, and certain facts are stated in the motion going, or intended, to show that there should be the retaxation moved for. But it will suffice to say in this connection, that there is no evidence in this record of the truth of those alleged facts, nor does it appear that any evidence to that effect was adduced in the primary court. We, of course, can not affirm on this state of case that the circuit court erred in denying that motion.

The judgment of the circuit court is affirmed.


## *Statutory Action of Ejectment.*

