HARRELL *vs.* WHITMAN.

1. On the trial of an issue contesting the answer of a garnishee, who denied an
indebtedness to the defendant in attachment, the record of a judgment recov-
ered by the defendant against the garnishee subsequent to the service of the
garnishment, is admissible evidence for the plaintiff, to show the recovery of
such judgment, and the time of its rendition.
2. It is not error to instruct the jury, that they must find for the plaintiff, if they
believe that the indebtedness on which the judgment against the garnishee
was rendered existed prior to the service of the garnishment.

ERROR to the Circuit Court of Lowndes.
Tried before the Hon. Robert Dougherty.

Whitman sued out a writ of attachment against one Pow-
ers, and summoned Harrell as his debtor.   Harrell appeared,

and answered, denying any indebtedness; the plaintiff contested the truth of the answer, and an issue was made up under the statute. On the trial of this issue, as appears from the bill of exceptions, the plaintiff offered in evidence a transcript of a judgment recovered by Powers against Harrell, in a suit which had been commenced after the service of the garnishment, stating at the same time, that he would introduce evidence in connection therewith, to show that the indebtedness on which said judgment was recovered, existed prior to the service of the garnishment. The defendant objected to the reading of the record, but his objection was overruled, and he excepted. The plaintiff then proved that the said indebtedness, on which the judgment in favor of Powers v. Harrell was recovered, existed prior to the service of the garnishment in this case. To this evidence, also, defendant objected, but the objection was overruled, and he excepted.

The court charged the jury, that if from the evidence they believed that the indebtedness, upon which the judgment in favor of Powers v. Harrell was founded, existed before Harrell was summoned as garnishee in this case, then they must find for the plaintiff; to which charge the defendant excepted. The admission of the record, and the charge of the court are now assigned for error.

I. B. STONE, for plaintiff in error.
GEO. W. STONE, contra.

LIGON, J.—Although it is well settled, that the record of a recovery in another suit, is admissible evidence only as between parties and privies to such suit, yet this rule has its qualifications. As between strangers, it is admissible to prove the judgment contained in it; and it may be admitted, when used by way of inducement, or to establish a collateral fact, though the parties are not the same. 1 Greenleaf Ev. 564; 3 Stew. 247; 7 Por. 466. For both the purposes above mentioned, the record of the judgment and proceedings in the case of Powers v. Harrell, was offered by the defendant in error in the court below. Harrell had, in his answer to the garnishment in this case, denied his indebtedness to Powers; the truth of this answer was controverted by the defendant

in error, and on the trial of this issue, the record before mentioned was offered, to show that Powers had recovered a judgment against Harrell for a certain sum, subsequent to the service of garnishment; this was a collateral fact, which that record could alone establish, and for the purpose of proving which, it was rightly permitted to go to the jury.

The charge of the court to the jury was predicated upon the proof that the indebtedness, on which the recovery of Powers against Harrell was founded, existed anterior to the time when the process of garnishment in favor of the defendant in error was served upon Harrell. It does not appear from the record, that there was any conflicting proof on this point, and it would be difficult to frame a charge to the jury more pertinent and unexceptionable than the one given by the court below.

There is no error in the record, and the judgment must be affirmed.