## WEATHERS *vs.* SPEARS.

[BILL IN EQUITY TO REDEEM LANDS SOLD UNDER EXECUTION.]

1. *Assignments of error not noticed unless insisted on.*—In civil causes, the appellate court is not bound to express any opinion on those assignments of error which are not insisted on by counsel.
2. *When judgment debtor, on decree for redemption, not entitled to writ of possession.* Under a bill for redemption filed by a judgment debtor, if it appears that he was not in possession of the land at the time of the sale under execution, but that the purchaser was then holding possession of it under a claim of title from another, the court is not authorized, on decreeing a redemption, to award a writ of *hab. fac. pos.*

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. JOHN FOSTER.

THIS bill was filed by William Spears, the appellee, and sought to redeem certain lands which had been sold under execution against him, and purchased at the sale by Jesse Weathers, the appellant, who was then in possession of the land under claim of title, and who was the plaintiff in the judgment. Chancellor Clark rendered a decree for the complainant, on pleadings and proof, which was reversed on error by this court, at its June term, 1855, and the cause was remanded.—See 27 Ala. 455. After the remandment of the cause, it was heard before Chancellor Walker, who again rendered a decree for the complainant, and awarded a writ of *habere facias possessionem;* and was finally heard, on exceptions to the master's report, before Chancellor Foster, who overruled the exceptions, and confirmed the report. The errors now assigned are: 1st, the rendition of a decree for the complainant under the pleadings and proof; and, 2d, the awarding of a writ of *habere facias possessionem* when the complainant was not entitled to the possession of the land.

JNO. T. HEFLIN, for appellant.

J. W. GUINN, *contra.*

RICE, C. J.—In civil cases, we are bound, under our practice, to give an opinion only as to errors which are assigned and insisted on by counsel.—Cunningham v. Carpenter, 10 Ala. 109. We shall, therefore, in this case, decline to examine any error assigned, except the single one insisted on in the argument for the appellant; which is, that Chancellor Walker erred in ordering the register to issue the writ of *habere facias possessionem.*

When this case was here at a former term, we decided, that the judgment debtor was authorized by the statute to redeem only "the interest that may have been sold" at the execution sale; and that, under his bill to redeem, the chancery court ought not to go beyond the statute. Under such a bill, that court is not authorized to determine conflicting titles, and to put the judgment debtor in a better condition than he occupied when his land was sold under execution. It may be, that the chancellor can restore him to the condition he occupied at the sale. But, if, as in this case, it appears that the possession of the land at the time of the sale was not with the debtor, but with the purchaser, and that the purchaser was then claiming it under a title other than that of the debtor; then, although the court may decree a redemption, yet it ought not to award a writ of *habere facias possessionem.* Weathers v. Spears, 27 Ala. 455.

So much of the decree of the chancellor (Walker) as orders the register to issue the writ of *habere facias possessionem,* is erroneous, and is reversed and annulled. In all other respects, the decree of Chancellor Walker is affirmed; and the decree of Chancellor Foster must, in all respects, be affirmed. The appellee must pay the costs of the appeal.