## McGILL vs. MONETTE.

[ACTION AGAINST OWNERS OF STEAMBOAT FOR NEGLIGENCE.]

1. *When bailee may sue in his own name.*—A bailee for reward, having delivered the goods on board his barge to a steamboat, to be carried to their place of destination, may maintain an action in his own name, against the owners of the steamboat, for the negligence and carelessness of their servants in the transportation of the goods, whereby plaintiff lost his reward, and was compelled to pay damages to the owners of the goods.
2. *Objection to deposition ; when made.*—An objection to a deposition, on the ground that no notice was given of the time and place at which it would be taken, cannot (Code, § 2328) be made when the deposition is offered in evidence on the trial.
3. *Waiver of objection to relevancy of evidence.*—When the bill of exceptions shows that, on the trial before the jury, the defendant contended that the plaintiff was not entitled to recover without proof of a particular fact, he will not be heard, in the appellate court, to allege that proof of that fact was irrelevant, but can only insist that the evidence adduced did not constitute a proper or legal means of proving the fact.
4. *Proof of demand by judgment and receipt.*—In an action by the bailee of goods, against the owners of a steamboat, for negligence ; the fact in issue being, whether the owners of the goods had demanded of plaintiff compensation for the damage sustained ; the record of a judgment recovered by them against him, for the injury to their goods, and their receipt for the money paid by him in satisfaction of their demand, are competent evidence to prove the demand.
5. *Limitation of action.*—An action against the owners of a steamboat, for negligence arising from the breach of a contract, is not within the statute of limitations of one year, (Code, § 2481.)
6. *General objection to evidence.*—A general objection to evidence, a portion of which is admissible, may be overruled entirely.
7. *What is revisable.*—In civil causes, the appellate court will not notice any assignment of error which is not insisted on in the argument of the appellant's counsel.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by John W. Monette, against William McGill and Harvey Snow ; but was allowed to abate as to Snow, who died before the trial. The complaint contained two counts, in substance as follows : 1st.

4

For that whereas, on the 8th December, 1855, plaintiff caused to be delivered to defendants, at their special instance and request, a certain barge laden with eight hundred bushels of corn, the property of plaintiff, and with two hundred and forty-four bales of cotton, the property of divers other persons, which plaintiff had undertaken for a reasonable reward to carry and safely deliver at Mobile, (the dangers of the river only excepted,) to be by said defendants safely towed and carried to Mobile, for a reasonable reward in that behalf; yet said defendants, not regarding their duty in that behalf, conducted themselves so carelessly and negligently in the towing of said barge, that said barge was sunk; whereby plaintiff's corn was destroyed and lost, and said cotton was greatly damaged, and plaintiff thereby lost his reward, and was compelled to pay a large sum of money as damages. 2d. For that whereas, on the 8th December, 1855, defendants being the owners of the steamboat 'Osceola,' plaintiff delivered to the captain of said steamboat a certain barge laden with corn and cotton, the property of plaintiff and divers other persons, which plaintiff had undertaken to carry to Mobile, and there safely to deliver in good order, (the dangers of the river only excepted,) and for which he was to receive from the owners of said cotton a reasonable reward; which said barge was to be safely towed to Mobile by the defendants' said agent, for a reasonable reward to the defendants in that behalf; yet defendants' said agent, not regarding his duty in that behalf, conducted himself so carelessly and negligently, in and about the towing and carrying of said barge, that the said barge, by reason thereof, was filled with water and sunk; "whereby said corn was greatly damaged and destroyed, and plaintiff's said freight, or a great part thereof, was wholly lost to him, and said cotton was greatly damaged," &c.

The defendants demurred to each count of the complaint, so far as it sought a recovery for the damage done to the cotton of third persons, "because it is no where shown that plaintiff was bound by his contract with said 'divers other

persons' to pay them for any damage done to their cotton in its transportation upon his barge ; nor, if there was any contract, that the same was known to the defendants ; nor that plaintiff was obliged in law to pay them for injury done to their cotton as stated; but said obligation is alleged, as a conclusion of law, from facts not made to appear in either of said counts ;· and because each count shows that, as to the cotton, the action should have been brought in the owners' name." The court overruled the demurrer; and the defendants then pleaded, in short by consent, the general issue, and the statute of limitations of one year; on each of which pleas issue was joined.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the deposition of one Raby, which had been taken on interrogatories and cross-interrogatories, and had been published at the last preceding term of the court. At the time of filing cross-interrogatories, the defendant's counsel had endorsed on the interrogatories in chief these words : "Notice and affidavit waived, and consent given for the issue of a commission; but defendant requires notice to be given to him of the time and place of executing the commission." The defendant objected to the reading of the deposition, because no notice had been given to him of the time and place at which it was to be taken. The court overruled the motion, on the ground that it came too late; and the defendant excepted.

It was admitted, that the plaintiff's barge, laden with cotton and corn, was delivered to the steamboat *Osceola*, to be towed to Mobile ; that while said steamboat was descending the river, with the barge in tow, she was passed by the *Illinois Belle*; that the waves caused by the two boats, in meeting and passing by each other, swept over the barge and sunk it; and that the *Osceola* at that time belonged to the defendant and said Harvey Snow. But the evidence was conflicting, as to the terms of the contract by which the captain of the steamboat undertook to tow the barge, and as to the remote cause of the sinking of the barge. The plaintiff's evidence tended to show, that his

barge was properly laden; that the steamboat contracted to tow it safely to Mobile; that the captain of the steamboat afterwards took in tow, against the plaintiff's remonstrances, two barges heavily laden with wood, which were almost in a sinking condition; and that in attaching these barges to the steamboat, the ropes were passed across the plaintiff's barge, in such a manner that it was forced down into the water, and was not able to ride the waves when the other steamboat passed. On the other hand, the defendant's evidence conduced to show, that the plaintiff's barge was too heavily laden; that the captain of the steamboat declined to tow it on that account, and only consented to do so on the plaintiff assuming the risk; and that the barge was sunk in consequence of its being over-laden, and not in consequence of any negligence or unskillfulness on the part of the officers of the steamboat. The plaintiff offered in evidence the records of several suits brought against him by third persons, which, it was admitted, "were brought to recover damages for injuries done to the cotton on his barge when it was sunk, while in tow by the *Osceola*;" and also several receipts for moneys paid by him to other persons, for damages done to their cotton while on his barge at the same time. The defendant objected to the admission of these judgments and receipts as evidence, "on the ground of irrelevancy;" the court overruled the objections, and allowed said judgments and receipts to be read in evidence, "for the single purpose of showing that the several amounts therein specified had been claimed and demanded of plaintiff, by the several owners of the cotton, for damages done to their cotton while on plaintiff's barge in tow of the *Osceola*;" and the defendant excepted.

The plaintiff introduced one Stollenworth as a witness, who was a partner in the house of J. A. Wemyss & Co., of Mobile, to whom some of the cotton on the plaintiff's barge was consigned; who testified to the price at which the damaged cotton was sold, and to the damage sustained from the submersion in the water. The defendant moved the court to exclude from the jury the entire testimony of this

witness, "on the ground that it was not legal evidence," because the witness did not testify to facts within his personal knowledge. The court overruled the objection, and the defendant excepted.

The defendant requested the court to instruct the jury— "1st. That the plaintiff cannot recover for any damage supposed to be sustained by cotton in this transaction, when the owners of such cotton have not demanded any damages of him; and when he has not paid them any damages; 2d. That if they believe the captain of the steamboat did not contract to tow the barge safely, but that the risk was to be taken by the barge, then the statute of limitations of one year would apply." The court refused each of these charges, but instructed the jury, in connection with the refusal of the second charge, "that unless the plaintiff made out to their satisfaction a contract of towage, he could not recover; and that therefore the statute of limitations of one year had nothing to do with the case;" to which charge the defendant also excepted.

The rulings of the court on the pleadings, on the evidence, and in the charges to the jury, are now assigned as error.

E. S. DARGAN, with JNO. HALL, for appellant.
ROBERT H. SMITH, contra.

R. W. WALKER, J.—1. The demurrers to the complaint were properly overruled. Although the plaintiff held the cotton as bailee, yet it was competent for him to sue in his own name on the contract made with the defendants. If it be conceded that his right to sue on this contract is dependent on his liability over to his principals, it is plain that this liability results, as matter of law, from the allegations of the complaint.—Cox v. Easley, 11 Ala. 369; Steamboat Farmer v. McCraw, 26 Ala. 204; Story on Bailments, § 94; 1 Parsons on Contracts, 633; Hare v. Fuller, 7 Ala. 717.

2. The objection to the deposition of the witness Raby came too late.—Code, § 2328.

3-4. The transcripts and receipts were offered, in connection with the written agreement of counsel which is set out in the bill of exceptions, for the single purpose of proving that the owners of the cotton had demanded of the plaintiff compensation for the injury it had sustained while the barge was in tow of the steamer. There is some reason to infer from the bill of exceptions, that this evidence was offered to rebut evidence of a contrary tendency previously introduced by the defendant. However this may be, it does not lie in the mouth of the appellant to say, that the making of such demand by the owners of the cotton was not a matter involved in the issue before the jury, or that the admission of evidence competent to establish that fact should work a reversal of the judgment. The bill of exceptions clearly shows, that one of the matters of defense relied on by the defendant was, that the owners of the cotton had made no demand of compensation; and that he asserted on the trial the legal proposition, that the plaintiff was not entitled to recover without proving such demand. Having thus insisted upon the necessity of such evidence, as essential to make out the plaintiff's cause of action, he cannot now shift his ground, and be heard to say that the very evidence, without which he then claimed that the plaintiff could not recover, was in fact irrelevant and illegal. If, therefore, the fact of demand was irrelevant, the appellant is estopped from saying so. Hence, the only objection which he can here urge to the admissibility of the transcripts and receipts in evidence, is, not that the fact which they were introduced to establish was irrelevant, but that, assuming it to have been relevant, they did not constitute a proper or legal means of proving it. There is nothing in this objection; for it is clear that, in connection with the agreement referred to, the judgments and receipts did tend to show that the parties who obtained the judgments and executed the receipts, had demanded of the plaintiff compensation for the damage done to their cotton. They were, therefore, competent evidence of that fact.—*Darrington v. Borland*, 3 Porter, 9; 1 Greenl. Ev.

§§ 528, 538–9; *Harrell v. Whitman*, 20 Ala. 519; *Goodman v. Walker*, 30 Ala. 500.

5. The suit was for damages arising from the breach of a contract. If the plaintiff did not establish the contract, and its breach, he was not entitled to recover. It follows, that the statute of limitations of one year had nothing to do with the case.

6. Some of the evidence of the witness Stollenworth was clearly admissible; and the motion being to exclude the whole of his testimony, there was no error in overruling it.

7. The other assignments of error are not insisted on in the briefs of the counsel for the appellant, and we do not notice them.

Judgment affirmed.