# Goolsbee's Administrator *v.* Fordham

### *Real Action in Nature of Ejectment.*

1. *Errors not assigned or insisted on.* — The practice of this court in civil cases is to notice only those errors which are specially assigned and insisted on in the argument or brief of counsel.

2. *Actions by or against executors or administrators ; to what parties and witnesses may testify.* — In an action by or against an executor or administrator, a witness who is not a party to the suit may testify "as to any transaction with or statement by" the testator or intestate (Rev. Code, § 2704), and a party is competent to testify to any other facts.

3. *Entry and location of public lands.* — When the same tract of land has been entered or located by two persons, each of whom has obtained a certificate from the proper officer of the government, the older certificate must prevail, if obtained without fraud and uncancelled, although the later has been confirmed by patent from the government.


· APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by Lazarus Goolsbee (and on his death, pending the suit, was revived in the name of J. A. Corbett, as his administrator) against William Barnett, to recover the possession of a tract of land ; and S. M. Fordham was made a party defendant, at his own instance, as the landlord of said Barnett. The material facts of the case, as here presented, will be readily understood from the opinion of the court.

J. A. CLENDENIN, for appellant.

W. C. OATES, *contra.*

[Goolsbee's Administrator *v.* Fordham.]

PETERS, J. — In this court, parties are presumed to waive all errors which are not concisely stated in the assignment. *Evans* v. *St. John*, 9 Porter, 186 ; Rule of Practice, Rev. Code, 816. These assignments of error only will be noticed which are insisted on in the argument of counsel at the bar, or in the brief when the cause is submitted without argument. 38 Ala. 318 ; 37 Ala. 49 ; 36 Ala. 721.

2. In this case there are eight errors assigned, which will be noticed in their numerical order. The first is that the court below erred " in allowing the witness Gamble to be asked the question stated upon the cross-examination." Gamble was introduced as a witness by the plaintiff, and the defendant was permitted to ask him, on cross-examination, " what conversation, if any, he ever had with L. Goolsbee, deceased, about said land in controversy." The plaintiff objected to this question, but the court permitted it to be asked. I do not find in the transcript that there was any objection or exception to the answer, and I suppose the objection was intended to apply to the introduction of the declarations of the deceased plaintiff. Gamble was not a party to the suit. He was, therefore, a competent witness to prove any proper admission made by the deceased plaintiff while living. This could not have been done by a party to the suit, but no one else is excluded by the statute. Rev. Code, § 2704. The first assignment of error, then, is not well taken.

The second and third assignments, " allowing the defendant to testify," and " allowing the defendant to prove by himself the contents of the alleged certificate," involve the construction of the same statute, and are, equally with the first, not well taken. The defendant is a competent witness in a suit by or against an executor or administrator, but he is not allowed to testify " as to any transaction with or statement by the testator or intestate, unless called to testify thereto by the opposite party." Rev. Code, § 2704. This is the only exception interposed by the statute. Here the defendant was called to testify as to the loss of his certificate of the entry of the lands in controversy, and not " as to any transaction with or statement by " the deceased. This was legitimate. *Avery's Executors* v. *Avery*, at the present term.

The fourth assignment, " allowing others to testify to the contents of said alleged certificate," is also untenable. The witness was only called to prove the contents of a lost land certificate, which he had seen and examined. There was no error in this. The fifth and sixth assignments relate to the exclusion of evidence which was offered relative to the entry of lands in section *seventeen*, while the complaint shows that the lands in controversy lie in section *eighteen*, township six, range

twenty. The court could not go into any investigation of the entry of lands in section seventeen, and any evidence in reference to it was clearly irrelevant. Besides, the entry could only be proved by the certificate of entry, or by the patent from the government. Rev. Code, § 2691, 2692.

3. The seventh and eighth assignments question the correctness of the charges given and refused by the court. The first charge asked by the plaintiff was abstract; there was no evidence to support it, to the extent that it assumes the facts to have been proved. The transaction called an entry of land in this State is simply a sale of the public lands to the citizen. The certificate is the evidence of this sale, until the patent is issued. Rev. Code, § 2691. Whether this sale is by the payment of money, or by the location of a land warrant, the effect is the same ; it is still an alienation of lands by the general government to the citizen. It is a contract which the government cannot, and, it is to be presumed, will not disregard. A patent, then, for land already entered or sold by the government to the citizen is a patent for land which the government had no right to convey, having already parted with its right. Such a sale is illegal. *Nemo plus juris ad alienum transferre potest, quam ipse habet.* 2 Kent, 324 ; 1 Story on Contracts, 417 ; 10 Peters, 161, 175. In *Bates* v. *Herron* (35 Ala. 117, 123), this court said : " A patent issued by the government of the United States, which purports to grant lands in which the government had no title, or where the lands granted were not subject to sale, is void as an evidence of title, and may be so declared in an action at law against any one who has a lawful possession, or is in by color of title ; " and the court further said in the same case (page 124), " that the location of the land warrant, so long as that location remained uncancelled, had the effect of taking from the general government *all power* to make sale of the land in dispute, we apprehend no one will controvert." I think there can be no doubt of the correctness of these principles. Here the proof tended to show that there had been certificates of entry or location granted to each of the parties to the suit ; but that of the defendant was the prior entry or location, though the plaintiff's had been consummated by a patent, which was not the case with that of the defendant. In such a predicament of the proof, a charge to the jury, asserting that the patent was conclusive evidence of title, was unwarranted, and properly refused. In this view of the law the second, third, and fourth charges asked by the plaintiff below were properly refused, and for a like reason, the charge given by the court was correct.

There is, then, no error in the proceedings of the court below, and its judgment is affirmed.