## Price *et al.* v. Stone *et al.*

*Action on Sheriff's Official Bond.*

| 49 | 543 |
|-----|-----|
| 142 | 263 |

1. *Assignments of error not insisted on.* — The settled practice of this court is, to consider those questions only which are raised by the assignments of error, and insisted on in the argument or brief of the appellant's counsel.

2. *Assignment of breaches; counts held in case and not in trespass.* — In an action

on a sheriff's official bond, a count which alleges, as a breach, that the sheriff, under color of his office, but without authority of law, took possession of a steamboat belonging to plaintiffs, under a libel, or writ of seizure, issued by a state court as a court of admiralty, by means whereof said boat was wholly lost to plaintiffs, is a count in case, and not in trespass, although it also alleges that the libel, or writ of seizure, was void, because said court had no jurisdiction as a court of admiralty ; and it may be joined with a count which alleges the destruction of the boat by negligence and carelessness while in the sheriff's possession under the writ.

3. *Sheriff's liability for accidental destruction of boat in his possession under admiralty process.* — When a sheriff has seized a steamboat under admiralty process (Rev. Code, § 3127–47), and has placed a suitable person on board to take charge of her, he is a *quasi* bailee, and is not liable as an insurer, but is bound to use such care and diligence only as a person of ordinary discretion and judgment might reasonably be expected to use in reference to his own property, or such as is required of a bailee who receives compensation for his services ; and if the boat should be accidentally destroyed by fire, he would not be responsible for the loss simply because it occurred during the temporary absence of the person placed in charge by him.

APPEAL from the Circuit Court of Mobile.

The record in this case having been lost or mislaid, the name of the presiding judge in the court below cannot be stated.

The facts of the case, as gathered from the opinion and briefs, are these : The action was brought by James W. Stone and others, owners of the steamboat *Flirt*, against Caleb Price and others, as sureties on the official bond of M. D. Grinnell, late sheriff of Mobile, and sought to hold the defendants liable for the loss of the boat, which was accidentally destroyed by fire, while in the possession of said sheriff, as hereinafter more particularly shown. The original complaint contained two counts, which were as follows : —

The plaintiffs claim of the defendants, as sureties on the official bond of M. D. Grinnell, as sheriff of Mobile County, the sum of ten thousand dollars, as damages, for the violation by said M. D. Grinnell, sheriff as aforesaid, of the condition of his official bond as sheriff of said county, executed by him and said defendants, as his sureties, on the 18th day of November, in the year 1865, in the penal sum of forty thousand dollars, payable to the State of Alabama, in this : That heretofore, to wit, on the —— day of June, 1867, while in the discharge of the duties of the office of sheriff of said county, the said M. D. Grinnell, by virtue of his said office, and under color of the same, but without authority of law, seized and took into his possession a steamboat belonging to said plaintiffs, called the *Flirt ;* by means whereof, said boat became wholly lost to said plaintiffs, and the defendants became liable to pay plaintiffs the said sum of ten thousand dollars.

" And said plaintiffs claim of said defendants, also, the sum of ten thousand dollars, as damages, for that whereas, heretofore, to wit, on the 18th day of November, in the year 1865, one M. D. Grinnell, together with said defendants as his sure-

[Price *v.* Stone.]

ties, made and executed his bond as sheriff of Mobile County, of which the following is in substance a copy : ' The State of Alabama, Mobile County : Know all men by these presents, that we, Michael D. Grinnell, James S. Shelton, Caleb Price, and Thomas J. Riley, are held and firmly bound unto the State of Alabama, in the penal sum of forty thousand dollars ; for which payment, well and truly to be made, we bind our- selves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated this 18th day of November, 1865. The condition of the above obligation is such, that whereas the above-bounden Mi- chael D. Grinnell was, on the sixth day of November, 1865, duly elected by the qualified electors residing in said county of Mobile to the office of sheriff of and for the said county : Now, if the said Michael D. Grinnell shall faithfully discharge the duties of such office during the time he continues therein, or discharges any of the duties thereof, then this obligation shall be void ; otherwise, to remain in full force and effect.' " [The signatures, &c., are omitted.] " And the plaintiffs aver, that said M. D. Grinnell violated the condition of· his said bond, in this : That while he was discharging the duties of said office of sheriff of said county, by virtue of a libel, or writ of seizure, at the suit of Foote & Woodhull, issued from the City Court of Mobile as a court of admiralty, against the steamboat *Flirt*, then lying in the port and County of Mobile, the said M. D. Grinnell, as sheriff as aforesaid, seized and took into his possession the said steamboat, 'the property of said plaintiffs ; whereby said steamboat was wholly lost to plain- tiffs. And plaintiffs aver, that said City Court had no ju- risdiction in the premises, and said writ of seizure was without authority of law. By means whereof, said defendants be- came liable to pay said plaintiffs the sum of ten thousand dollars."

The complaint was amended, by leave of court, by adding two other counts, each of which alleged the execution of the bond, and set out a copy of it, as in the second count above quoted ; and each assigned a breach of the bond. The breach assigned in the first count was in these words : "And the said plaintiffs aver, that the said M. D. Grinnell violated the con- dition of his said bond, in this : That while he was acting as sheriff of said county, and in the discharge of the duties of said office, he, the said M. D. Grinnell, by virtue of a libel, or writ of seizure, at the suit of Messrs. Foote & Woodhull, issued from the City Court of Mobile as a court of admiralty, against the steamboat *Flirt*, then lying in the port of Mobile, and the property of the plaintiffs, seized and took the said steamboat into his possession, her tackle, apparel, and fur-

niture, the property of plaintiffs as aforesaid; and after the said steamboat, with her tackle, apparel, and furniture was seized as aforesaid, and while the same was in his possession, he, the said M. D. Grinnell, conducted himself so carelessly and negligently in guarding and watching the said steamboat, and exercised so little care and attention in keeping, protecting, and preserving the said steamboat, and conducted himself with such want of skill and care, that the said steamboat was burned, and wholly lost to the plaintiffs; wherefore they bring this suit to recover the damages aforesaid."

The breach assigned in the second amended count was in these words: "And the said plaintiffs aver, that the said M. D. Grinnell violated the condition of his said bond, in this: That while he was acting as sheriff of said county, and in the discharge of the duties of said office, he, the said M. D. Grinnell, by virtue of a pretended libel, or writ of seizure, at the suit of Messrs. Foote & Woodhull, issued from the City Court of Mobile as a court of admiralty, against the steamboat *Flirt*, then lying in the port of Mobile, and which was the property of the plaintiffs, seized and took the said steamboat into his possession, her tackle, apparel, and furniture, of the value of two thousand dollars, the property of said plaintiffs as aforesaid, and put out of the possession thereof the said plaintiffs, their agents, and employees. And plaintiffs aver, that said pretended libel and writ of seizure were null and void, and gave to said M. D. Grinnell no authority in law to seize and take the said steamboat into his possession as aforesaid. And plaintiffs further aver, that the said M. D. Grinnell, pretending to act as sheriff as aforesaid, after the seizure of said steamboat as aforesaid, and after depriving the plaintiffs of their property aforesaid, by taking possession of the said steamboat, and putting the plaintiffs out of the same, and acting and pretending to act under color of his said office as sheriff of said county as aforesaid, conducted himself so carelessly and negligently in guarding and watching the said steamboat, and exercised so little care and attention in keeping, protecting, and preserving the said steamboat, and conducted himself with such want of skill and care, that the said steamboat was burned, and wholly lost to the plaintiffs; wherefore they bring suit to recover the damages aforesaid."

The defendants demurred to the original complaint, and also to the amended complaint, on account of a misjoinder of counts; but this demurrer was overruled. The cause was tried on issue joined, but the papers do not show what pleas were filed. It appeared on the trial that the boat was disabled at the time the sheriff took possession of her under the writ of seizure, and was tied up to the wharf at Mobile, and in

[Price *v.* Stone.]

charge of one Stark, a boat carpenter, as watchman; that the sheriff, after seizing her, put one Culany on board as watchman, or custodian, whom he had formerly employed in that capacity, and found to be competent; that Culany, feeling unwell, about sundown, asked Stark, who still remained on board, to keep watch for him until he could go up town and get his supper, and left the boat; that the boat was discovered to be on fire about midnight, and was wholly destroyed, and that the cause of the fire could not be ascertained. On this evidence, the court gave several charges asked by the plaintiffs, and refused several which were asked by the defendants. The second charge asked by the defendants, which is the only one particularly noticed in the opinion of the court, was in these words: " That if the sheriff put a competent person on the boat in charge of her, and he, becoming unwell, left the boat, saying he would return, and put the boat under the charge of Stark, who had charge of her for the plaintiffs before the levy ; and that Stark also was a competent person ; and if they further believe that the fire resulted from some unknown casualty, and not from any negligence, then the plaintiffs cannot recover." The court refused to give this charge, and the defendants excepted to its refusal, as also to the refusal of the other charges asked by them, and to the charges given at the instance of the plaintiffs ; and they now assign these matters as error, together with the overruling of their demurrer to the complaint, and some other rulings which require no notice.

E. S. DARGAN, for appellants.— 1. The demurrer to the complaint should have been sustained. The first breach alleged shows a trespass by the sheriff, in seizing the steamboat under void process ; and the second shows a loss of the boat by negligence and carelessness. That trespass and case cannot be joined, see *Bell* v. *Troy*, 35 Ala. 184; *Sheppard* v. *Furniss*, 19 Ala. 760. An action on a sheriff's bond is no exception to the general rule ; otherwise, a dozen distinct breaches, for as many distinct demands, might be joined in one suit. If these breaches can stand together, a third might be added, for a failure to pay over money collected; and a fourth, for a failure to make the money on an execution.

2. As to the sheriff's liability for the loss of the boat by fire, the rulings of the court are altogether erroneous. The sheriff had done all that the law required or authorized him to do. Rev. Code, § 3139. The sheriff is not an insurer of property in his possession under legal process, but is only bound to use ordinary care and diligence, such as a prudent man exercises over his own property. Shearman & Redfield on Negligence, § 530 ; *Browning* v. *Hanford*, 5 Hill (N. Y.), 588 ; *Bridges* v. *Perry*, 14 Vermont, 262.

[Price v. Stone.]

GIBBONS & PRICE and ANDERSON & BOND, *contra.* — 1. If the action was governed by the common law, the objection for a misjoinder would be well taken. But the action is founded on a penal bond, and is governed by statutory provisions entirely. The breaches are assigned in different counts, and each shows a violation of duty by the sheriff, for which his sureties are liable. Rev. Code, §§ 169, 2633.

2. The plaintiffs maintain the proposition, that if the boat was abandoned by the sheriff, or by his agent whom he had placed in charge, and the fire occurred during such abandonment, this raised a presumption of liability against him, and rendered him liable for the loss of the boat, unless he exonerated himself by showing that, even if his agent had been present, the fire could not have been prevented. This is, in substance, the principle asserted in the charges given. The sheriff's neglect being established, the *onus* was on the defendants to show that the loss did not occur in consequence of the neglect.

A loss having actually happened while his wrongful act, *i. e.* his abandonment of the boat, was in operation, he cannot set up, as an answer to the action, the bare possibility that a loss might have happened if his wrongful act had never been done. *Davis* v. *Garrett*, 6 Bing. 716. See, also, *Platt* v. *Hibbard*, 7 Cowen, 497 ; *Vance* v. *Vanarsdale*, 1 Bush (Ky.), 504 ; *Griffin* v. *Isbell*, 17 Ala. 184 ; Story on Bailments, § 46.

PETERS, C. J. — Only such questions as are stated in the assignments of error, and insisted on in the argument of the counsel for the appellant, will be noticed in this opinion. Such is the uniform practice of this court. Rev. Code, Rule 1, p. 816 ; 10 Ala. 109 ; 32 Ala. 481 ; 36 Ala. 721 ; 37 Ala. 49 ; 38 Ala. 318. The errors specified in the assignment, and insisted on in the appellants' brief, are the overruling of the demurrer to the complaint, on account of a supposed misjoinder of counts, and the charges given by the court, which were excepted to, as well as the refusal of the several charges asked by the defendant.

The demurrer will be first noticed. The action is against the defendants as the sureties of Grinnell, on his official bond as sheriff of Mobile County, and the ground of demurrer is a misjoinder of counts. Omitting the caption, the complaint is as follows : [See foregoing statement.] It is evident that the suit is founded on the sheriff's official bond. The condition of this bond is prescribed by the statute. It must, " unless otherwise provided, be made payable to the State of Alabama, with such securities as the approving officer is satisfied are sufficient ; and *conditioned*, in all cases in which a different condition is not prescribed, faithfully to discharge the duties of such

[Price v. Stone.]

office, during the time he continues therein, or discharges any of the duties thereof." Rev. Code, §§ 157, 184. The legal ef fect of such bond is also fixed by the statute, which declares, that every official bond, executed under the Code " is obliga tory on the principal and securities thereon : 1st, for any breach of the condition during the time the officer continues in office, or discharges any of the duties thereof; 2d, for the faithful discharge of any duties which may be required of any such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein ; 3d, for the use and benefit ef every person who is injured, as well by any wrongful act committed under color of his office, as by his fail ure to perform, or the improper or neglectful performance of those duties imposed by law." Rev. Code, § 169. The sher iff's bond is evidently a bond " with conditions." The form of complaint on such a bond is given in the Code, on page 675. The first and second counts of the original complaint are evi dently counts founded on the sheriff's bond ; and though they are not drawn with very great technical care, they conform substantially to the precedent given in the schedule of forms attached to the Code. This is sufficient. Rev. Code, § 2630.

The breach alleged comes under the third clause of section 169, above quoted. It states, in substance, that the plaintiffs have been injured by a " wrongful act " committed by the sheriff " under color of his office." For this the bond binds the sureties. This is the language of the statute. The second count is of a like character, and so is the second amended count. The first amended count assigns a different breach of the bond. It assigns as a breach an " improper and neglectful performance of a duty imposed by law." This, also, is a breach of the legal effect or obligation of the bond. Rev. Code, 169. The writ of seizure authorized the sheriff to seize the steamboat, her tackle, apparel, and furniture, and hold her until released by due course of law. Rev. Code, § 3129. The law requires, also, that while the boat remains in the custody of the sheriff, " he must, *as far as practicable*, secure it against loss or injury ; and may employ a suitable person, or persons, to take charge thereof; and must therefor be allowed a suit able compensation, to be made by the court." Rev. Code, § 3139. The failure to discharge this duty in a proper man ner is a breach of the legal obligation of the bond. All the counts of the complaint seem to keep in view this violation of the bond, and base the right to recover upon it. Such counts are not counts in trespass. Trespass implies an act injurious to the plaintiff, but done unlawfully, and with force and vio lence. 1 Chitty's Pl. 166, 167 ; Rev. Code, p. 677, Form in Trespass for taking Chattels. There is, then, no statement

of facts in the complaint in this case, which can properly be called a count in trespass. Nor do the counts seem to have been so intended. The demurrer was, therefore, properly overruled, as there was no misjoinder of counts, and the demurrer raised no other question.

3. The charges of the court below, which were given and excepted to, and the charges asked and refused, involve the same question; that is, what amount of diligence is required of the sheriff, in order to excuse him for the accidental destruction by fire of a steamboat in his custody, which he holds under a writ of seizure issued from the City Court of Mobile, to enforce the lien created by our statute against such boat for materials and supplies. Rev. Code, §§ 3127, 3129, 3139. The statute does not expressly fix the degree of diligence required in such a case. When this is so, and there is no settled rule of common law which governs the question, it is safe to take the language of the statute itself as an indication of the legislative intention; for "the intention of the law-maker constitutes the law." *Stewart* v. *Kahn*, 11 Wall. 493, 504; 3 How. 565; 1 Black, 61; 3 Ohio St. R. 80. Here, the legislature directs that, as long as the vessel seized remains in the custody of the sheriff, "he must, as far as practicable, secure it against loss or injury;" and it also directs how this duty may be performed, when it is not done by the sheriff in person, or by his legal deputy. It may be done by a "suitable person, or persons," appointed by the sheriff, who may be employed "to take charge" of the boat or vessel so seized by the sheriff. Rev. Code, § 3139. Then, after the boat is seized, and the sheriff has exercised his authority to put it in charge of a "suitable person or persons" for safe keeping, he has done what the law justifies him in doing. Thus far there is no neglect of duty on his part. It is true that the boat is still in his custody, and he holds it until discharged "by due course of law." Rev. Code, § 3129. It is, therefore, his duty to see that the person in charge of the boat also discharges his duty. But, in neither case, does the sheriff assume the responsibility of an insurer. If he did, this would place the boat in a better condition in his custody than it would be in the hands of the owners. This is not to be presumed, as the owners could have withheld the boat from the sheriff's custody by giving the proper bond. Rev. Code, § 3130. The statute requires, that, if the sheriff himself takes charge of the boat, "he must, *as far as practicable*, secure it against loss and injury." Rev. Code, § 3139. This cannot mean at all events. Then, the sheriff does not hold the custody of the boat as an insurer. Just as the sheriff in person would hold the boat, his keeper would also hold it. The diligence required of the one would

[Price v. Stone.]

be the diligence required of the other. By the seizure, the boat passes from the custody of the owner to the custody of the sheriff. For certain purposes, the sheriff steps into the shoes of the owner; and what it was the interest of the owner of the boat to do, to secure it from loss and injury, it became the duty of the sheriff to do for the same purpose. Unless the legislature had declared, for purposes of public policy, that it was necessary for the sheriff to keep the boat seized by him with greater care than a prudent owner would do, it is reasonable to conclude that such diligence would suffice to protect the sheriff and his keeper. I therefore think that, in such a case as this, the sheriff is only required to use such care and diligence about keeping the boat as a person of ordinary discretion and judgment might reasonably be expected to use in reference to his own property, and that, if the boat should be accidentally destroyed by fire, he would not be liable for the loss. Shear. & Redf. Negligence, pp. 609, 610, § 530.

This seems to be the result of adjudications in other states of the Union, on questions similar, if not identical in principle, with the one under discussion in this case. See *Browning* v. *Hanford*, 5 Hill (N. Y.), 588; *Moore* v. *Westervelt*, 27 N. Y. Rep. 234; *Bridges* v. *Perry*, 14 Verm. 262; *Conover* v. *Galewood*, 2 A. K. Mar. 566. Under such a seizure, the sheriff does not hold the boat strictly as a bailee; because there cannot be a bailment without a contract. 2 Kent, 559; 2 Black. Com. 395, 451; Jones on Bailments, 117; Story on Bailments, § 2. He is an officer of the court, and holds the boat in that character. Judge Story classes such officers as "special, or *quasi* bailees for hire." And he states it as the settled law, that "if the property in their custody" is lost or injured, by any negligence, or dishonest execution of the trust, they are liable in damages. But they are not liable, as of course, because there has been a loss by embezzlement or theft. In order to charge them in such cases, the loss must have arisen from the culpable neglect, or fraud, either of themselves, or of the agents or servants employed by and under them. And it seems that the court places such confidence in its officers, that it will require some proof at least of negligence or fraud in them, or their subordinates or servants, before it will throw the burden of proof upon them to exonerate themselves from the charge. The degree of diligence, which officers of court are bound to exert in the custody of property, seems to be such ordinary diligence as belongs to a prudent and honest discharge of their duties, and such as is required of all persons who receive compensation for their services. Story on Bailments, §§ 613, 620, 124–135; also, *Burke* v. *Trevitt*, 1 Mason's R. 96, 101; *The Hoop*, 4 Rob. R. 145; *The Rends-*

*berg*, 6 Rob. R. 142, 157, 159, and cases *supra*. I have not been able to find any American case that goes beyond the principles thus stated.

In the enactment of the statutes out of which the sheriff's liability springs up in this case, the legislature must be presumed to have been familiar with the principles of law above stated, which governed and limited the duties and liabilities of officers of court in similar cases. In such case, the presumption is, that when like duties are required, only like responsibilities are intended to be imposed. In this view of the law, the second charge asked by the defendants in the court below should have been given. That charge is in these words. [ *Vide supra*.] The refusal of this charge was error. And for like reasons, the charges given, and excepted to by the defendants below, were incorrect.

The judgment of the court below is reversed, and the cause is remanded for a new trial.