# O'Bryan Bros. *v.* Webb *et al.*

*Action against Sheriff on his Official Bond.*

1.  *Sheriff; duty and liability after levy of attachment.*—While it is the duty of a sheriff, who has the custody of property under the levy of an attachment, to preserve it and keep it safely, he is not an insurer of the property against fire; and it is incumbent upon him only to use that reasonable care and diligence in keeping such property, which a man of ordinary discretion and judgment might reasonably be expected to use in reference to his own property; and if while in the exercise of such care, the property is destroyed by fire, while in his custody, the sheriff is not liable for a breach of his official bond.

2.  *Sheriff; breach of official bond; sufficiency of complaint.*—In an action against a sheriff and the sureties on his official bond to recover damages for the breach of such bond by the sheriff's failure to execute a writ of *venditioni exponas*, it is necessary that the complaint should aver that the failure to execute such writ was wrongful, negligent, and the like; and in the absence of such averment the complaint is subject to demurrer.

APPEAL from the Circuit Court of Cherokee.

Tried before the HON. J. A. BILBRO.

This action was brought on Feb. 27th, 1902, by the appellants against the appellee, James M. Webb, a sheriff of Cherokee county, and a surety on his official bond, and sought to recover for Webb's failure to execute a writ of

*venditiona exponas.* and thereby collect money upon a judgment which the plaintiffs had recovered in an attachment suit against one J. E. Abernethy. The complaint as originally filed contained two counts.

· In the first count of the complaint, the plaintiff claimed damages for the breach of the official bond of Webb, which was alleged to have been executed by him, and the other defendant as surety, for the faithful performance by Webb of the duties required by him by law as sheriff of Cherokee County. It was then averred· in the complaint that the conditions of this bond had been broken in that said Webb had not faithfully performed the duties of the office; that on Jan. 21st, a writ of *venditioni exponas* was issued in an attachment suit by the complainants against one Abernethy, directing said defendant Webb to sell the stock of goods of said Abernethy upon which he had levied an attachment, and which stock of goods was in possession of said sheriff, by virtue of the levy of said writ of attachment; that the plaintiffs recovered a judgment in said attachment suit against Abernethy on Jan. 20, 1902; that said writ of *venditioni exponas* was placed in the hands of said Webb as such sheriff on Jan. 21th, 1902; "and that he has wholly failed to execute the same by a sale of said property as required by the mandate of said writ, by reason of which failure plaintiffs' said judgment remains wholly unsatisfied, to the damage of the plaintiffs as above stated."

The second count of the complaint in setting out the prerogatory averments averred the failure of Webb complained of in the following words: "That said James M. Webb failed to secure the said property as levied on that the same might be sold to satisfy plaintiffs' said judgment, and by reason of such failure the said property, on, to-wit, the 1st day of February, 1902, while still in his possession under said writ of attachment, became wholly destroyed, whereby plaintiffs' said lien of attachment became of no avail, and their said judgment wholly unsatisfied, to the damage of the plaintiff, as aforesaid."

The defendants demurred to the first and second counts of the complaint upon the following grounds: "(1). It

alleges the failure on the part of the said sheriff to sell the property named in said count without showing that such sale could have been effected by the exercise of due diligence on the part of said sheriff." (2). Said count does not aver that the failure on the part of said sheriff to sell the property referred to in said count, or to make the money on. said process was due to any neglect or omission of duty on the part of said sheriff."

This demurrer was sustained, and thereupon the plaintiffs amended their complaint. The trial was had upon plea joined upon the plea of general issue to the amended complaint.

It was shown by the evidence that the plaintiffs instituted an attachment suit against one J. E. Abernethy; that the writ of attachment issued in said suit was levied upon stock of merchandise of said Abernethy and said merchandise was thereby taken in possession of the defendant Webb as sheriff of Cherokee county; that subsequent to the levy, the plaintiff recovered a judgment in said suit againstAbernethy on Jan. 20th, 1902; and upon the recovery of this judgment, a writ of *venditioni exponas* was issued, and placed in the hands of the sheriff on Jan. 21st, 1902; that while said writ was in the hands of the sheriff, and before he had sold the goods thereunder, to-wit, on the night of Feb. 1st, 1902, the goods levied on under the attachment were destroyed by fire.

The defendant Webb as a witness testified that he advertised the goods for sale the next day after the writ of *venditioni exponas* was received in his office. That the sale was to be held on the 3rd day of February, 1902, and that the goods were burned on the night of Feb. 1st, 1902. There was other evidence introduced on the part of the defendant tending to show that after the levy of the attachment, the storehouse in which the goods were was locked and fastened up, and that the sheriff and his deputy went to the storehouse from time to time to see that he goods were alright. The plaintiffs requested the court to give to the jury the general affirmative charge in their behalf, and duly excepted to the court's refusal to give said charge. The plaintiffs separately excepted

to the court's giving at the request of the defendants the following written charges: (2.) If the jury believe from the evidence that the goods were not burned in consequence of any neglect of duty on the part of the sheriff, then your verdict must be for the defendant." (3.) If the jury believe from the evidence that the sheriff exercised such diligence in keeping the goods as an ordinary prudent man would employ about his own goods, then he cannot be liable in this case." (5.) "If the jury believe from the evidence that the sheriff exercised such diligence as an ordnary prudent man employs about his own property, he is not liable in this case whether the property was burned or stolen." (8.) "The court charges the jury that it is not true under the evidence that the goods were left in the possession of J. E. Abernathy, but the evidence if believed shows that they were left in the building of the father of J. E. Abernathy."

There were verdict and judgment for the defendant. The plaintiffs appeal and assign as error the rulings of the court in sustaining the demurrers to the original complaint, and the several rulings of the trial court to which exceptions were reserved.

MATTHEWS & WHITESIDE and COOKE & COOKE for appellants. The sheriff had the right to employ some one to remove the goods to a safe place, or to employ some one to guard them, and our insistance is that his failure in this case to do so was gross negligence. *Kahn, et al. v. Locke,* 75 Ala. 334; *Smith v. Huddleston,* 103 Ala. 227.

Whenever property in the hands of a sheriff or constable is purloined or otherwise escapes from custody, the resulting loss must be borne by some one. It is at least, as must that this loss should fall upon the officer, whose duty it was to protect the property, as that it should fall upon the plaintiff or defendant, neither of whom has the authority to afford such protection."—2 Freeman on Execution, (2d Ed.) § 270; Croker on Sheriffs, § § 439 and 836; 22nd A. & E. Ency. of Law, (1st Ed.) pp. 549, 550; *Price v. Stone,* 49 Ala. 544 & 550; also 73 Am. Dec. 731; 84 Am. Dec. 464; *Dorman v. Kane,* 5 Allen 38; *Starr v.*

*Moore,* 3 McLean 354; Drake on Attachment, (4th Ed.) Sec. 294.

BURNETT, HOOD & MURPHREE, *contra.*—The charges given at the request of the defendant were exact statements of the law as enunciated by the court.—*Price v. Stone,* 49 Ala. 543; *Patton v. Haum,* 28 Ala. 618; 25 Am. & Eng. Ency. Law, (2 Ed.) p. 712.

McCLELLAN, C. J.—Action by O'Bryan Brothers against Webb, sheriff, and the sureties on his official bond. O'Bryan Brothers were plaintiffs in action to recover money against one Abernathy, in which attachment was levied on stock of goods, and plaintiffs had judgment with order for sale of attached property; the sheriff failed to execute said *venditioni exponas* and to make plaintiff's recover thereon, and for that failure this suit is brought. The defense was that the property attached was destroyed by fire prior to the advertised day of sale without fault of the officer.

The sheriff having the custody of the property under the levy of the attachment, it was his duty to preserve it and keep it safely, but his duty was not an absolute one. He was not an insurer of the property against fire, or other adventitious destruction or loss; but it was incumbent upon him only to use reasonable care and diligence in keeping it, the care which a man "of ordinary discretion and judgment might reasonably be expected to use in reference to his own property;" and he and his sureties are liable only for a loss which has resulted from a failure on his part to use that degree of care.—*Price v. Stone,* 49 Ala. 543, 551; 25 Am. & Eng. Ency. Law, p. p. 712, 713.

On the evidence in this case, it cannot be affirmed as matter of law that the sheriff failed to exercise the degree of care required of him in the conservation of this property. Whether he did or not was a question for the jury, and it was properly submitted to the jury in the charges given at defendant's request.

[Anglin v. Thomas.]

The remaining exceptions reserved to the court's ruling on the competency of evidence, which are insisted upon in appellant's brief, are without merit.

The circuit court did not err in sustaining demurrers to the original counts of the complaint. They should have averred that the sheriff's failure to execute the *venditioni exponas* was wrongful, negligent or the like, especially as it appeared by them that the order was made only a little over a month before the suit was instituted. Evidence that the sheriff had had reasonable time to make the sale and had failed would, *prima facie*, support such averment of wrongful or negligent failure, leaving the burden on defendants to bring forward special facts in refutation of it.

Affirmed.

TYSON, SIMPSON and ANDERSON, J.J., concurring.